**STATE of Missouri, Respondent,**

v.

**Donald Lee MERCER, Appellant.**

**No. WD 30618.**

Missouri Court of Appeals, Western District.

March 3, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 7, 1980.

Application to Transfer Denied May 13, 1980.

Clifford A. Cohen, Public Defender, Gary L. Gardner, Kevin Locke, Asst. Public Defenders, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Donna G. Bowles, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

Donald Lee Mercer was convicted by a jury of robbery, first degree, and sentenced to ten years in prison. Sections 560.120 and 560.135, RSMo 1969. On this appeal Mercer contends the court committed plain error by refusing a continuance to give his trial counsel time to call a witness. Affirmed.

About 1:00 A.M. on August 26, 1977, Gary Davenport was the lone attendant at a Clark service station at 38th and Broadway in Kansas City. A man, later identified as Mercer, came into the station and asked Davenport for cigarettes. The cigarettes were located out on the drive, so Davenport accompanied the man to the drive and handed him the cigarettes. The man patted his pockets, but then pulled a gun from his belt. As the gun was being drawn it fired into the drive, apparently by accident. The man then demanded Davenport's money and took between $35 and $40 from Davenport's pocket. The man left the station by walking west on 38th Street and then entered an automobile and drove away.

Mark Brostrom was standing on his front porch just south of 38th Street on Washington talking with his neighbor Terry Sayre. They heard an explosion coming from the direction of the service station and walked north on Washington toward 38th Street. As they neared the corner, they saw a black male walking west on 38th enter a car and drive away.

About 1:25 A.M. on the same date, Sgt. Frazier of the Kansas City Police Department parked his car at the curb several blocks from the Clark station. As he left his car a man inquired where an open filling station could be found. The officer had received a report of the holdup with a description of the car and the clothing worn by the robber. He noticed the man making the inquiry was wearing shoes which fit the description of those worn by the robber and his car also fit the description given about the robbery. Sgt. Frazier called for assistance and when another officer arrived they looked in Mercer's car and found $35 to $37 in bills lying on the floorboard under the steering wheel. Mercer was placed under arrest and about 3:00 A.M. was placed in a lineup. Davenport viewed the lineup and positively identified Mercer as the person who had robbed him. Brostrom and Sayre also viewed the lineup and only Brostrom could make a tentative identification of Mercer. Davenport positively identified Mercer at trial as the person who had committed the robbery but Brostrom did not. Sayre did not testify.

In addition to Davenport, Sgt. Frazier, Brostrom and an evidence technician testified. Mercer's counsel, who was different than counsel on this appeal, expressed considerable surprise that the State had not called all of the witnesses listed on the information. Counsel requested a recess to give him an opportunity to call Officer McDowell who had prepared a police report listing the clothing description of the robber given by Brostrom and Davenport. The court granted a one and one-half hour recess over lunch to give counsel an opportunity to subpoena any witness he desired. After the recess, counsel stated he had been unable to secure the attendance of Officer McDowell and requested a continuance un-

til the next morning. The court questioned counsel at some length as to his purpose for requiring Officer McDowell, but counsel could not give a specific reason other than the fact he wanted to question the officer. The court refused to continue the trial beyond the one and one-half hour recess taken for lunch. Counsel then called Mercer's mother as a witness and rested.

■ On this appeal counsel contends the court committed plain error in refusing the continuance. It is necessary to urge plain error because the refusal to grant a continuance was not mentioned in the motion for new trial. Counsel contends the continuance was necessary to give an opportunity to subpoena Officer McDowell because that officer would testify to a different clothing description given by Davenport and Brostrom after the robbery from that given at trial.

■ It is apparent the sole purpose now urged for the continuance was to obtain the testimony of a witness solely for impeachment purposes. It was held in *State v. Walters*, 29 S.W.2d 89, 91[4] (Mo.1930) that evidence simply for the purpose of impeachment is not a sufficient ground for the granting of a continuance to secure the attendance of witnesses. See also 22A C.J.S. § 489, p. 123.

■ Furthermore, "[d]enial of a continuance for purposes of securing absent witnesses whose purported testimony would not bear directly upon the guilt or innocence of the defendant is not error, . . .." *State v. Reece*, 505 S.W.2d 50, 52[2–6] (Mo. 1974). Here, the evidence it is contended the absent witness would have given does not purport to bear directly upon the guilt or innocence of Mercer but could go only to impeachment of witnesses Brostrom and Davenport. The denial of the continuance was not error, much less plain error.

The judgment is affirmed.

All concur.