**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Leo George EDWARDS,
Defendant-Appellant.**

No. 12880.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 8, 1983.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied
Aug. 29, 1983.

Application to Transfer Denied
Oct. 18, 1983.

John D. Ashcroft, Atty. Gen., William K. Haas, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Debra S. Hans, Asst. Public Defender, Springfield, for defendant-appellant.

PREWITT, Judge.

A jury found defendant guilty of sexual abuse in the first degree. § 566.100.1(2), RSMo 1978. He was thereafter sentenced as a persistent offender to ten years' imprisonment. Defendant was charged with

subjecting a five-year-old girl to "sexual contact". "Sexual contact" is defined in § 566.010.1(3), RSMo 1978, as "any touching of the genitals or anus of any person, or the breast of any female person, or any such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person."

For his first point defendant contends that the trial court erred in failing to grant his motion for continuance because a woman he intended to use as a witness was hospitalized and unable to testify. Defendant states that the witness would have testified as to the young girl's reputation in the community for truth and veracity.

■ A trial court has broad discretion in granting or denying a continuance, and its decision will not be reversed unless there is an abuse of discretion. *Phillips v. State,* 639 S.W.2d 270, 275 (Mo.App.1982). Before refusal to grant a continuance will constitute an abuse of discretion, a defendant must demonstrate that denial of the continuance prejudiced his defense. *State v. Lane,* 551 S.W.2d 900, 906 (Mo.App.1977).

■ The unavailable woman's husband testified that the girl's reputation for truth and veracity "was bad". It is doubtful if the jury would have given more weight to this contention if it also came from his spouse. In addition, Rule 24.10(c) requires that a party's application for continuance show "that he knows of no other person whose evidence or attendance he could have procured at the trial, by whom he can prove or so fully prove the same facts". Here her husband's testimony was the same as that which defendant sought from the hospitalized woman and there was no contention that her testimony would have been more advantageous to defendant than her husband's. Furthermore, it is not error to deny a continuance for the purpose of securing a witness whose purported testimony would not bear directly upon the guilt or innocence of the defendant but go only to the impeachment of another witness. *State v. Mercer,* 600 S.W.2d 45, 47 (Mo.App.1980). Defendant's first point is denied.

■ Defendant's second point asserts that the trial court erred in denying his motion for a bill of particulars. That motion sought to specifically determine the time that the facts charged in the information occurred, contending that the language of the information was too uncertain to enable defendant to prepare his defense. The information charged defendant with committing the offense "during the period from the 15th day of March, 1981, to the 14th day of April, 1981". Similar contentions were denied in *State v. Allen,* 622 S.W.2d 275, 276 (Mo.App.1981), and *State v. Healey,* 562 S.W.2d 118, 129–130 (Mo.App. 1978). Based upon those decisions this point is denied.

In his third point defendant contends that the trial court erred in finding that the child involved, age 6 at the time of trial, was competent to testify. Following questioning of her outside the presence of the jury, the trial court allowed her to testify.

■ Section 491.060(2), RSMo 1978, provides that a child under ten years of age is incompetent to testify if "incapable of receiving just impressions of the facts respecting which he is examined, or of relating them truly". To determine the competency of such a witness, the elements considered are: (1) present understanding of, or intelligence to understand, on instruction, an obligation to speak the truth; (2) sufficient mental capacity at the time of the occurrence to observe and to register such occurrence; (3) memory sufficient to retain an independent recollection of the observations made; and (4) capacity to translate into words the memory of such observations. *State v. Sigh,* 579 S.W.2d 657, 658 (Mo.App.1979); *State v. Watson,* 536 S.W.2d 59, 60 (Mo.App.1976).

■ The determination of the competency of a witness is a matter within the discretion of the trial court, *State v. Robertson,* 480 S.W.2d 845, 846 (Mo.1972), whose discretion is not to be overturned unless there is clear abuse. *State v. Watson,* supra, 536 S.W.2d at 60. In reviewing such a determination, an appellate court

may look at the preliminary examination of the child and the testimony at the trial. *State v. Robertson,* supra, 480 S.W.2d at 846.

Defendant contends that it is not clear whether the girl had the memory sufficient to retain an independent recollection of the events because she was not clear on the date when it occurred. This is not conclusive. A child's ability to tell time or measure its passage or to recall the date of an occurrence is not determinative of her ability to observe, remember or relate the episode which was taking place. *State v. Armoneit,* 588 S.W.2d 24, 26 (Mo.App.1979). Our examination of her testimony shows a sufficient basis for the trial court to find that she was competent to testify. This point is denied.

For his fourth point defendant contends that the trial court erred in failing to grant his motion for acquittal because there was insufficient evidence presented to establish the commission of a crime. In reviewing to determine if the evidence was sufficient to support the charge, we accept as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. *State v. Manning,* 612 S.W.2d 823, 825 (Mo. App.1981). Viewed in this light the evidence was sufficient.

There was evidence that defendant had taken the girl to his basement, taken off her pants and placed her on a bed. He then kissed her "bottom" twice, "jumped on" her and hurt her by "bouncing hard" upon her. Afterwards he asked her not to tell anyone about it because it was their secret. During cross-examination of the girl's mother, defendant's counsel asked if the girl told her that defendant "had kissed her on her genital area?" The mother replied, "Yes. She didn't say the words. She pointed down to the area between her legs" both in the front and in the back. It is at least a reasonable inference that he was touching areas of the child defined as "sexual contact" by § 566.010.1(3), RSMo 1978. Point four is denied.

Defendant contends in his final point that the trial court erred in failing to grant his motion for new trial because a juror had a hearing impairment and was not able to hear a portion of the proceeding. At the hearing on the motion the juror testified that he was not able to hear "everything" that occurred during the trial. He said that one of his greatest difficulties was in hearing the young girl.

Twice during the girl's testimony the court asked if any of the jurors had difficulty hearing her. The first time no juror responded. The second time a female juror stated that she did and the judge asked that the witness answer louder. During the trial no other juror complained of having difficulty in hearing. In any event, an alleged hearing defect is a disqualification which must be raised before a juror is sworn to try the case. *State v. Schleicher,* 442 S.W.2d 19, 21 (Mo.1969). As that did not occur, this point must be denied.

The judgment is affirmed.

MAUS, P.J., and HOGAN, J., concur.