**STATE of Missouri, Respondent,**

v.

**George SANDERS, Appellant.**

No. 46887.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 20, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Oct. 26, 1983.

Application to Transfer Denied
Dec. 20, 1983.

Debra Buie Arnold, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction of capital murder, § 565.001 RSMo 1978. The state waived the death penalty prior to

trial and the trial court sentenced defendant to life imprisonment without possibility of probation or parole for fifty years. We affirm.

While an out-patient being treated for mental illness at Malcolm Bliss State Hospital, defendant became disturbed concerning the up-keep of the grounds at the old DePaul Hospital in St. Louis. On several occasions defendant visited DePaul Hospital and voiced his complaints to the security guards present. On the afternoon of September 26, 1980, defendant approached a group of security guards at DePaul, raised a paper bag containing a .38 caliber pistol, and shot one of the guards in the back of the head, killing her.

Defendant pleaded not guilty to the charge by reason of mental disease excluding responsibility. He was diagnosed as suffering from chronic undifferentiated paranoid schizophrenia.

At trial defendant offered substantial evidence indicating he suffered acute psychotic symptoms on the day of the killing. His psychiatrists testified he was incapable of appreciating the nature, quality, and wrongfulness of his actions at the time. The state offered testimony of psychiatrists indicating defendant's mental disease was "stabilized" or in a state of remission at the time of the killing.

Defendant's sole point on appeal alleges the prosecutor, in his closing argument, attempted to engender fear in the minds of the jury that if defendant was acquitted on the basis of insanity he would be soon released, thereby causing the jury to convict even if it may have believed defendant was insane. See, *State v. Johnson*, 267 S.W.2d 642, 645 (Mo.1954).

The portion of the prosecutor's argument complained of was the subject of a motion in limine filed by defendant after all the evidence was presented but before closing argument. The motion sought to prohibit the prosecution from raising either directly or indirectly that if defendant was found not guilty by reason of insanity he would not be long confined at the mental hospital, would spend less time in a mental hospital than the penitentiary, and if convicted would receive all necessary psychiatric care in the penitentiary. The motion also sought to prevent the prosecutor from raising either directly or indirectly that mental hospitals prematurely release people who then commit other crimes constituting a danger to the community and if defendant would ever be released he would pose a threat to the community.

At trial the prosecutor cross-examined defendant's psychiatrist concerning the treatment given persons with defendant's condition. The psychiatrist testified medication was important in "stabilizing" psychotic tendencies. As a staff member at the state mental hospital at Fulton, the psychiatrist also explained that when patients are sufficiently stabilized they may be released on the condition they continue their medication. As to the defendant, the psychiatrist testified:

Q (By prosecutor): He is all right as long as he takes his medicine under your treatment plan; isn't that right?

A: Yes.

Q: And that's the way, basically, it's handled ... where you were?

A: Correct. That's right.

Q: And you don't need any hearing to release anybody conditionally, do you?

A: ... I wouldn't need it in the general sense that you are talking about, but we do go through the Court because of other reasons.

Later, on recross-examination, the psychiatrist denied people were "furloughed" without a court order from the maximum security facility but admitted patients in remission can be transferred out of that facility. He further testified he had never received a state court order prohibiting a patient from being released.

The trial court denied defendant's motion in limine except for that part prohibiting the prosecutor from arguing to the jury that people have been improperly released from the mental health facility and posed a danger to the community. The court rea-

soned the prosecutor was entitled to argue the facts in evidence plus MAI–CR.2d 3.72, an instruction detailing the effects of a verdict finding defendant not guilty by reason of mental disease or defect. The instruction specifically states a defendant could be released from the state mental hospital only upon court order held after a hearing.

The prosecutor proceeded to argue to the jury without objection that defendant's psychiatrist had found defendant free from a mental disease or defect before trial. The prosecutor recalled the testimony of the psychiatrist concerning furloughs and the psychiatrist's report as to the adequacy of defendant's outpatient treatment. He reminded the jury defendant was an outpatient of a mental health facility at the time he killed the security guard. Finally, the prosecutor argued the defense psychiatrist's statement that defendant did not need hospitalization pending trial, quoting " 'there is no reason to waste a bed in the hospital. He can be treated adequately with drugs.' "

Defense counsel's failure to object to the prosecutor's questioning of the psychiatrist or to the portion of closing argument complained of requires us to review the statement on the basis of plain error. Rule 29.12(b). See, *State v. Foster,* 608 S.W.2d 476, 478 (Mo.App.1980).

■ Due to the trial judge's superior opportunity to observe and weigh the prejudicial effect, if any, of counsel's closing argument, the trial court is afforded wide discretion in controlling the scope of closing arguments. See, *State v. Mensah,* 625 S.W.2d 135, 136 (Mo.1981). A reviewing court is limited to determining whether the trial court abused its discretion as a matter of law. *Id.* at 136–37.

■ Unlike the cases of *State v. Johnson,* 267 S.W.2d 642 (Mo.1954), *State v. Nickens,* 403 S.W.2d 582 (Mo. banc 1966), and *State v. Camlen,* 515 S.W.2d 574 (Mo. banc 1974), the prosecution's argument in the present case was based upon testimony adduced at trial without objection. Although the implication of the prosecutor's argument

comes dangerously close to that condemned in *Camlen,* we do not find the prosecutor's remarks of such an erroneous nature as to deny defendant a fair trial. Having concluded no manifest injustice or miscarriage of justice occurred, the judgment must be affirmed.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.