**STATE of Missouri, Respondent,**

v.

**William BURKE, Appellant.**

No. 46890.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 4, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 22, 1985.

Daniel P. Reardon, Jr., St. Louis, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant William Burke guilty of the capital murder of his wife. He moves here to remand the case for retrial. This on the ground that because of her mental illness the original reporter cannot furnish a transcript. Further, that a partial transcript made by a substitute reporter from the other's original notes admittedly omits defendant's cross-examination of one essential state witness, and as to another the notes are "in bits and pieces" that fail to distinguish between direct and cross-examination. The substituted transcript omits the testimony of two investigating police officers, and also of extended pre-trial conferences.

In his new trial motion defendant on hearsay grounds challenged admission of testimony by state's witness McCoy concerning her conversations with the defendant two and three days before the victim's death. He there also claimed error in the trial court permitting witness Giamo to testify to statements made by defendant two days before his wife's death.

From the truncated record we cannot determine what each challenged statement

was, nor what were defendant's trial objections thereto. Counsel have tried but cannot agree on the content of the missing transcript portions.

We note that the proffered transcript on appeal before us was approved by neither counsel, nor by the trial court as provided by rule 30.04(g).

Here the state relies on *State v. Borden*, 605 S.W.2d 88[3, 4] (Mo. banc 1980). There defendant contended "a small portion" of the transcript was missing, but unlike our case, there was no attempt by that appellant counsel to supply the omission. Here, in view of the massive transcript omissions neither the cited rule nor BORDEN warrants us to conclude the proffered transcript is adequate. From it we cannot decide the defendant's challenges to his conviction.

We reverse the conviction and remand the case for retrial.

DOWD, P.J., and CRIST and CRANDALL, JJ., concur.