**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Marvin BROWN, Defendant-Appellant.**

**No. 44946.**

Missouri Court of Appeals,
Eastern District,
Division Six.

March 5, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 26, 1985.

Application to Transfer Denied
May 29, 1985.

Henry B. Robertson, Asst. Public Defender, St. Louis, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant-appellant Marvin Brown charged with burglary appeals seven year sentence as a prior offender after guilt was determined by a jury.

The evidence supports a jury finding that the defendant acting with George Jackson and Joe Morris removed stolen goods from a burglarized store. Both Jackson and Morris were prior felons and testified that they offered a ride to appellant who was waiting for a bus to take him to his mother's home. Appellant got into the back of a camper section of the vehicle. According to their testimony while defendant was in the camper the truck was stopped in order to remove an acetylene tank that was in the pathway of the vehicle. A man entered the alleyway firing a gun and appellant was shot in the head when he exited the camper.

Defendant's sole point on appeal is that in closing rebuttal argument the prosecutor alluded to defendant and his witnesses as professional criminals and the court erred in failing to grant defendant's motion for a mistrial.

By reason of the incapacity of the original court reporter the defendant-appellant, the state and this court have been handicapped in reviewing the point on appeal. Another court reporter was found who was able to transcribe the original court reporter's notes except that the notes for the closing portion of the prosecuting attorney's summation to the jury were lost.

At the request of this court trial counsel for both parties submitted affidavits in an attempt to reconstruct at least the substance of the state's closing argument. See Rule 30.04(h). The parties stipulated that affidavits of trial counsel, together with the trial transcript that was available and the legal file would constitute the record for purposes of this appeal. Unfortunately, the affidavits are contradictory and do not serve to solve the dispute as to the content of the prosecuting attorney's closing argument. The affidavit for the trial attorney for the state was, in relevant part as follows,

Having reviewed the partial transcript of the closing arguments of counsel and my notes, I have a very limited recollection of the rebuttal portion of my closing argument and for the most part I am unable to make a detailed reconstruction thereof. However, concerning appellant's point on appeal wherein he alleges error in the fact that I argued the prior convictions of his witnesses who testified at trial, I would like to refer the court to pages 233 and 234 of the trial transcript. I am sure that my rebuttal arguments was limited to the context in which these witnesses prior's are referred to on those pages.

The affidavit of defendant's trial counsel in relevant part states,

Since the trial took place almost two years ago, I cannot give you a verbatim account of [name of state's attorney] closing arguments. I do, however, recall the following: she made numerous references in her closing argument about Brown being a 'professional criminal'; she indicated, that while Brown did not take the stand, that he had prior felony convictions for burglary and stealing, and implied that that fact might be adequate to convict him. I do not recall whether her statements were inferential or whether they were outright statements.

I remember that throughout the latter portion of her argument, she emphasized that the defendant was a professional criminal and that he may have burglarized them (the jury) or their neighbors. I recall that there were many other statements that I considered objectionable.

Because we do not have the rebuttal portion of the state's closing argument we do not have a record of objections nor of defendant's request for mistrial. However, defendant's motion for new trial indicates a request for a mistrial and its denial. It also indicates that we are reviewing for preserved error. The motion for new trial contends in separate paragraphs that the prosecutor made reference to prior convictions of two co-defendants who took the

stand and referred to defendant as a professional killer.

On appeal defendant urges that the state's closing argument, including that part which cannot be reproduced, "... in that it urged conviction because appellant and his witnesses were bad characters and more than likely guilty on account of their bad character and past records." In the alternative defendant requests a new trial, "because the issue preserved for review cannot be decided on the available record, the court reporter's notes being lost through no fault of appellant and the affidavits of the trial attorneys being insufficiently specific to apprise the court of the essential facts."

■ Our Supreme Court said in *Jackson v. State,* 514 S.W.2d 532 (Mo.1974) that "A losing party is entitled to appellate review based upon a full, fair and complete transcript on appeal." *Id.* at 533. If the transcript prepared is defective or omits material matters it is appellant's duty to take steps to supply the omission or cure the defect. Appellants are required to exercise due diligence in this regard, and an appellant will not be granted a new trial on account of the absence of a transcript (or failure to file a full and complete transcript) if guilty of laches or negligence, or if appellant fails to establish prejudice as a result of inability to present a complete record. *Id.* at 533. We have followed that statement of the law. *State v. Stewart,* 636 S.W.2d 345, 347 (Mo.App.1982). In the present case the missing portion of the transcript is unavailable through no fault of appellant. The sole cause is that the original court reporter's notes are lost and there is no adequate way to reproduce the argument. There is no contention that appellant has failed to exercise due diligence nor that he is guilty of either laches or negligence.

■ Our Supreme Court dealt with a case involving the death of a court reporter before preparation of a full transcript. *Richeson v. Hunziker,* 349 S.W.2d 50 (Mo. 1961). The court there attempted to construct an adequate transcript by an alternative method, permitting counsel to file a narrative statement in lieu of transcript. This counsel attempted to do from trial notes. The court concluded that it was utterly impossible to fairly or accurately evaluate appellant's points on appeal on their merits because of the confused state of the record upon which the cause had been submitted. *Richeson,* 349 S.W.2d 55–56. We are prepared to apply the same reasoning to this appeal but must first determine whether the point on appeal, if supported by an adequate record, would constitute a sufficient basis to support the grant of a mistrial on the contention of preserved error.

Tragically we are confronted with an issue of reversible error in closing argument if the prosecuting attorney argued that Brown had prior felony convictions for burglary and stealing. Defendant's trial counsel, by affidavit, affirms such argument. The trial attorney for the state with an understandable "limited recollection" has not denied such argument. The argument if made would warrant a new trial as preserved error. *State v. Mobley,* 369 S.W.2d 576, 580 (Mo.1963); *State v. Stockbridge,* 549 S.W.2d 648, 651 (Mo.App.1977).

We reverse and remand for a new trial.

KELLY, J., concurs.

CLEMENS, Senior Judge, dissents in separate opinion.

CLEMENS, Senior Judge, dissenting.

I must dissent from the majority opinion.

The trial court error now asserted concerns only its denial of defendant's motion for new trial; this, on the ground the prosecutor's allegedly prejudicial closing jury argument.

The record shows the defense counsel's trial objection not only was unspecific, but nonetheless the trial court sustained it. This is shown by defense counsel's initial argument. With emphasis underlined it was this:

"She [prosecuting attorney] made numerous references in her closing argument

about (defendant) Brown being a 'professional criminal'; she indicated, that while Brown did not take the stand, that he had prior felony convictions for burglary and stealing, and implied that fact might be adequate to convict him. I do not recall whether her statements were inferential or whether they were outright statements."

It is fundamental that an appellant must show wherein and why a trial court erred. Defendant's vague point relied on did not rise to a level to show the required statement of court error. In *State v. Sanders*, 660 S.W.2d 273[1] (Mo.App.1983) we applied the universal rule:

"Due to the trial judge's superior opportunity to observe and weigh the prejudicial effect, if any, of counsel's closing argument, the trial court is afforded wide discretion in controlling the scope of closing arguments.... A reviewing court is limited to determining whether the trial court abused its discretion as a matter of law."

Note also *State v. Morris*, 470 S.W.2d 467[6] (Mo.Sup.1971) holding:

"The trial court should exercise its discretion as to whether improper argument necessitates a mistrial.... Mistrial is a drastic remedy and we will not interfere with the court's exercise of discretion unless it was clearly abused."

I cannot say the record here showed the court abused its discretion.

Furthermore, defendant admits the trial court *did* rule on his objection to the state's closing argument. Note his next paragraph:

"The trial court erred in not ordering a *mistrial* when the prosecutor made repeated references to the prior convictions of two co-defendants who took the stand. *The instructions to the jury to disregard the references* of the prosecutor was not adequate to prevent the prejudice to the defendant...."

Paraphrasing an ancient case, we owe deference to the trial judge who "was in the atmosphere of the trial, saw and heard the witnesses and counsels' arguments;

and he could interpret and appreciate the evidence in all its shades of meaning better than we can merely by reading a written report of it; he saw and heard the living thing, but we have only a dead image of it. We would be more likely to err by overruling his decision than by affirming it."

From this I conclude defendant's trial objection was not adequately specific, but also that it was in fact sustained by the trial court. So, I would deny his appeal.