STATE of Missouri, Respondent,

v.

Charles Deason JOHNSON, Appellant.

No. 49095.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 14, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
July 12, 1985.

John Putzel, Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., T. Chad Farris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a conviction, by a jury, of assault in the second degree, for which defendant was sentenced as a prior offender to three years' imprisonment. The sole error alleged on appeal concerns the trial court's determination the victim, a nine-year-old child, was competent to testify. We affirm.

Victim's mother, Emma Paul, was seated in the middle of the front seat of her car, which was being driven by a friend. Victim was on the passenger side, next to the passenger window. The back seat was occupied by two of Emma's other children, one older than victim and the other a two-year-old infant. Defendant drove his car alongside Emma's car, and demanded that Emma return a car radio to him. Emma, in return, asked for the return of some tires that apparently had been traded for that radio. Defendant became angry, and the friend, on Emma's request, drove off.

At a red light, defendant drove up again, exited his car, and argued with Emma about the radio. He struck the windshield of Emma's car with a tire iron badly damaging it. He then struck and broke the passenger window with that tire iron, apparently injuring victim. Defendant tried

to swing the tire iron inside the car and grab at Emma. The older son, sitting in the back seat, took the tire iron from defendant and then used it to smash defendant's windshield.

Neither Emma nor her older son could testify as to precisely when victim was injured, or which blow actually hit him. However, there is no question he was injured by defendant's conduct in the affray. The victim's testimony was he was hit in the head with a "jack handle" and had to go to the hospital.

 Defendant challenges the court's refusal to allow further voir dire examination of the nine-year-old victim concerning the details of the occurrence. He also attacks the court's determination of victim's competency. For a child under ten years of age to be competent to testify, he must exhibit: (1) present understanding of, or the ability to understand upon instruction, the obligation to speak the truth; (2) the capacity to observe the occurrence about which he is to testify; (3) the capacity to remember the occurrence concerning which he is to testify; and (4) the capacity to translate the occurrence into words. The determination is largely consigned to the trial court's discretion, and the decision will only be reversed if the discretion is clearly abused. *State v. Edwards*, 657 S.W.2d 343, 345 (Mo.App.1983).

We find no abuse of that discretion. Our examination of the testimony reveals little to suggest the witness was incompetent. Victim was concededly aware he must tell the truth; defendant attacks only his ability to observe, remember, and recount the occurrence. Victim remembered and articulated the incident in capsule form on voir dire, and in detail for the jury. Competency was therefore established. *Id.; State v. Grady*, 649 S.W.2d 240, 242–43 (Mo.App.1983). We fail to see any prejudice to the defendant in the restriction on voir dire when further examination could only develop doubts as to the witness's credibility and not his competency. *State*

*v. Singh*, 586 S.W.2d 410, 416, n. 5 (Mo. App.1979).

Judgment affirmed.

DOWD, P.J., and CRANDALL, J., concur.