**Leo George EDWARDS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 14168.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 13, 1986.

Motion for Rehearing or Transfer Denied
Feb. 4, 1986.

Application to Transfer Denied
March 25, 1986.

Elise Branyan, Asst. Public Defender, Springfield, for appellant.

William L. Webster, Atty. Gen., Christine M. Szaj, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Leo George Edwards ("movant") appeals from the denial, without an evidentiary hearing, of his motion per Rule 27.26, Missouri Rules of Criminal Procedure (15th ed. 1984), to vacate his conviction of sexual abuse in the first degree, § 566.100.1(2), RSMo 1978, for which he was sentenced as a persistent offender to ten years' imprisonment. The conviction was affirmed on direct appeal. *State v. Edwards*, 657 S.W.2d 343 (Mo.App.1983).

Movant commenced the 27.26 proceeding by filing a pro se motion to vacate in the circuit court ("the motion court"). Movant's pro se motion asserted five grounds for relief.

The motion court appointed counsel to represent movant. With the assistance of counsel, movant filed an amended motion to vacate, incorporating each allegation in the pro se motion and restating four of the five grounds for relief.

The motion court, in its order denying relief, found that all five grounds had been raised on direct appeal and had been decided adversely to movant. Pointing out that where an issue has been raised and decided on direct appeal, a prisoner cannot obtain a second review under Rule 27.26, *Mooring v. State*, 501 S.W.2d 7, 11[7] (Mo.1973), the motion court ruled that movant had pleaded nothing entitling him to an evidentiary hearing, and that, as a matter of law, no relief was warranted.

Movant does not, on this appeal, dispute the motion court's finding that all grounds for relief asserted by movant in the motion court had earlier been rejected on direct appeal, nor does movant question the rule that an issue decided on direct appeal cannot be reviewed anew in a proceeding under Rule 27.26.

Instead, movant proceeds here as if there had been no direct appeal. Inexplicably, he exhaustively briefs, on the merits, four of the five grounds for relief asserted in the motion court, insisting that he was entitled to an evidentiary hearing on each one. He is either oblivious to, or chooses to ignore, the proscription against using a 27.26 proceeding to obtain a second review of issues adjudicated on direct appeal.

Our examination of the record confirms that movant's first assignment of error on this appeal is based on the first ground for relief asserted in the motion court, which was identical to the first point on his direct appeal. 657 S.W.2d at 345[1, 2, 3]. His second assignment of error on this appeal is based on the second ground for relief asserted in the motion court, which raised the same issue as his second point on direct appeal. 657 S.W.2d at 345[4]. His third assignment of error on this appeal is based on the third ground for relief asserted in the motion court, which raised the same issue as his third point on direct appeal. 657 S.W.2d at 345–46[5, 6, 7, 8]. His fourth assignment of error on this appeal is based on the fifth ground for relief asserted in the motion court, which raised the same issue as his final point on direct appeal. 657 S.W.2d at 346[11].

Rule 27.26(b)(3), Missouri Rules of Criminal Procedure (15th ed. 1984) provides, in pertinent part, that a proceeding under such Rule "ordinarily cannot be used ... as a substitute for a second appeal." This means that where an issue is raised and decided on direct appeal, a prisoner cannot obtain another review thereof in a 27.26 proceeding. *Sweazea v. State*, 515 S.W.2d 499, 501 (Mo. banc 1974).

The motion court ruled correctly in denying relief without an evidentiary hearing. The order appealed from is, accordingly, affirmed.

PREWITT, C.J., HOGAN, P.J., and MAUS, J., concur.