Raymond Karl LASSEN,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 14583.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 11, 1986.

Motion for Rehearing or to Transfer
to Supreme Court Denied
Oct. 2, 1986.

Jon Van Arkel, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Special Judge.

Rule 27.26 proceeding.

Movant appeals the denial, after an evidentiary hearing, of his motion to vacate the judgment convicting him of first degree murder, for which movant was sentenced to life imprisonment.

At the murder trial, the court believed the original panel of fifty veniremen might prove to be an insufficient number from which to select the jury. Ten additional prospective jurors (seven males and three females) were "borrowed" from the trial division down the hall and added to the list. They were not added to the end of the list, but the court interspersed them among jurors 38 through 50, to have a more equal distribution of male and female jurors among the panel.

Movant alleged the trial court's action in interspersing the ten additional veniremen among the original panel resulted in a venire that was not the product of a random or impartial selection as required by the Constitutions of the United States and of the State of Missouri. Movant raised this contention on direct appeal, where it was denied. *State v. Lassen*, 679 S.W.2d 363, 369–70 (Mo.App.1984). He is not entitled to relitigate the same issue in a proceeding under Rule 27.26. *Edwards v. State*, 705 S.W.2d 102, 103–04 (Mo.App. 1986).

Movant's other point on appeal relates to the transcript of the murder trial. Due to a malfunction of the court reporter's equipment, certain portions of the transcript were missing. Pursuant to Rule 30.04(h), movant's trial attorneys and the prosecutor stipulated to the contents of the missing portions of the transcript. These stipulations were filed as exhibits in the direct appeal, and there was no objection there to the transcript as amended and supplemented by the stipulation. Movant urges he was unable to raise all possible trial errors on direct appeal, because the missing portions of the transcript made it impossible for movant to fully review the record for possible errors, or to use the missing portions of the record to factually support his claims of error.

An appellant is entitled to "a review based upon a full, fair and complete transcript on appeal." *Jackson v. State*, 514 S.W.2d 532, 533 (Mo.1974). It is appellant's responsibility to provide the court with a transcript sufficient for consideration of his claims of error. *State v. Borden*, 605 S.W.2d 88, 91–92 (Mo. banc 1980). "If the transcript is defective or omits material matters, it is appellant's duty to take steps to supply the omission or cure the defect." *State v. Brown*, 690 S.W.2d 161, 163 (Mo. App.1985).

Here, the missing portions of the transcript were supplied by stipulation, as per *Jackson*, 514 S.W.2d at 533–34; and appellant has failed to establish any prejudice resulted from his inability to provide a complete record. The only claim of error to which we are referred by appellant which has a basis in one of the omitted portions of the transcript concerns the distribution of the extra venireman on the panel, a matter fully reviewed on direct appeal. *Lassen*, 679 S.W.2d at 369–70; compare *Brown*, 690 S.W.2d at 162–63. We further note while such error affecting defendant's constitutional rights can be raised in a Rule 27.26 proceeding, Rule 27.26(b)(3), such issues as a lack of a full transcript on appeal are better raised on the direct appeal. *See e.g., Brown, supra; State v. Burke*, 684 S.W.2d 871 (Mo.App. 1984).

Judgment affirmed.

CROW, C.J., GREENE, P.J., and TITUS, J., concur.