Emmett NAVE, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 54103.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 19, 1988.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Aug. 24, 1988.

Application to Transfer Denied
Oct. 18, 1988.

Robert C. Wolfrum, Asst. Public Defender, St. Charles, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

**CRANDALL**, Judge.

Movant, Emmett Nave, appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted, after a jury trial, of capital murder, robbery in the first degree, three counts of sodomy, and four counts of kidnapping. He was sentenced to death for the capital murder conviction, life imprisonment for the robbery conviction, life imprisonment without eligibility for probation or parole for 30 years for each sodomy conviction, and imprisonment for 30 years for each kidnapping conviction; all sentences were ordered to run consecutively. On appeal, the convictions and sentences were affirmed. *State v. Nave*, 694 S.W.2d 729 (Mo. banc 1985). Movant then brought this Rule 27.26 [1] motion which was denied. In movant's first appeal we reversed and remanded with directions to make findings of fact and conclusions of law on all issues presented. *Nave v. State*, 737 S.W.2d 526 (Mo.App. 1987). On remand, the hearing court complied with our directive. We now address movant's appeal on the merits.

For the purpose of this appeal, we summarize the facts of movant's crimes which are set out in detail in *State v. Nave*, 694 S.W.2d 729, 731–733 (Mo. banc 1985).

In March 1983, movant was paroled from two sentences of life imprisonment which he had received in 1965 for armed robbery and forcible rape. At that time, movant was 43 years of age and had spent approximately twenty-five years in prison. Two conditions of his parole were that he not drink alcoholic beverages and that he attend Alcoholics Anonymous meetings. Movant failed to comply with these conditions.

On November 18, 1983, movant's probation officer informed him that she would recommend that his parole be revoked if he did not conform his conduct to the conditions of his parole. That night movant told his wife he was angry at his probation

---

1. Rule 27.26 was repealed, effective January 1, 1988, by order of the Supreme Court of Missouri. New rules were adopted in lieu thereof. This appeal is governed by Rule 27.26 because the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was then pending. *See* Rule 29.15(m), effective January 1, 1988.

officer and his drug abuse counselor. He talked about hurting people including his landlord, Mrs. Rolings. Movant had previously complained to Mrs. Rolings regarding the maintenance and parking problems at his apartment.

The next morning, November 19, 1983, movant threatened to kill his wife unless she drove him to the hospital to get drugs. First, however, he told his wife he wanted to talk to the landlord. Movant knocked on Mrs. Rolings' door. When Mrs. Rolings opened her door, movant killed her with a .22 caliber rifle.

Movant and his wife then drove to the hospital where his crime rampage continued. The evidence of movant's subsequent conduct formed the basis for his other convictions. Nave's defense was that he was so drunk that he did not know what he was doing.

On appeal, movant claims he was denied effective assistance of counsel because his trial counsel (1) failed to question witness Richard Beeman so as to make the jury aware that appellant was intoxicated in Beeman's presence on the evening of November 18, 1983; (2) requested consolidation of all counts for trial; and (3) failed to object to the prosecutor's closing argument "that a capital murder life sentence did not mean he would serve that much time." Movant further alleges in his fourth point on appeal that the trial court erred when it held that movant's constitutional rights were not violated when he was sentenced to death.

Appellate review of a Rule 27.26 proceeding is "limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." Rule 27.26(j); *Futrell v. State,* 667 S.W.2d 404, 405 (Mo. banc 1984). Only if an appellate court is left with the "definite and firm impression that a mistake has been made" will the findings and conclusions be found clearly erroneous. *Stokes v. State,* 688 S.W.2d 19, 21 (Mo.App.1985).

A defendant is not entitled to a perfect trial nor to clairvoyant trial counsel. *Battle v. State,* 674 S.W.2d 179, 181 (Mo.App. 1984). A defendant is entitled to an attorney who exercises the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Seales v. State,* 580 S.W.2d 733, 736 (Mo. banc 1979). In order for movant to prevail on his allegations of ineffective assistance of counsel he must show (1) that his attorney failed to meet this standard and (2) that he was thereby prejudiced. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. To prevail on the prejudice prong of the *Strickland* test, movant must prove that but for his counsel's ineffectiveness a reasonable probability existed that the fact finder would have had a reasonable doubt concerning guilt. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069. "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066. The movant must overcome the presumption of trial counsel's competency by a preponderance of the evidence. Rule 27.26(f).

Movant first alleges that the hearing court was clearly erroneous when it held that trial counsel was not ineffective for failing to question a witness, Richard Beeman,[2] in such a manner as to make the jury aware that movant had been intoxicated in Beeman's presence on the evening before the crimes. Movant claims Beeman's testimony was essential to the theory of his defense that, because of his drinking prior to committing the offenses, he could not form the required mental state for the offenses. Movant contends that trial counsel's failure to elicit such testimony was due not only to his failure to properly question Beeman at trial but also to his failure to interview Beeman before trial.

At trial, Beeman was questioned regarding movant's intoxication on the evening of

---

2. Nave became acquainted with Beeman in the penitentiary while Beeman was serving a sentence for first degree murder.

November 18, 1983, the day before the alleged crimes. During direct examination, Beeman could not say positively that he had seen movant intoxicated on November 18, 1983. After the trial court sustained the prosecutor's objections to Beeman's testimony because he could not specify the date, defense counsel asked Beeman no further questions.

At the evidentiary hearing on the Rule 27.26 motion, counsel for movant asked Beeman if he remembered an incident in Jefferson City in the fall or winter of 1983 wherein a woman was killed and movant was charged with taking some hostages. Beeman responded that he did remember this incident and that he had seen movant intoxicated on the evening before this incident.

■ At trial, defense counsel asked Beeman a direct question regarding movant's state of intoxication on a specific date. Beeman was unable to answer. The problem was not trial counsel's question; the problem was Beeman's memory or credibility. Defense counsel cannot be held ineffective merely because different counsel, three years later, was able to formulate a question which elicited the desired response from Beeman.

In addition, evidence that movant was intoxicated the night before the crime does not mean he was intoxicated the morning of the murder, approximately 11 hours later. The time lapse between Beeman's observance of movant's condition and the occurrence of the crimes clearly shows that movant's intoxication on November 18 was collateral to the main issue, which was movant's condition at the time of the commission of the crimes.

The record does not support movant's claim that trial counsel did not interview Beeman before trial. At the 27.26 hearing Beeman was asked if he spoke with trial counsel prior to testifying at trial and he responded that he did not believe so. When asked if he talked to someone who defense counsel employed he responded, "I talked to someone, I couldn't swear that he was employed by the man's attorney." This evidence is equivocal at best and fails to support movant's contention. The motion court was not clearly erroneous for finding that counsel was not ineffective for failing to question Beeman. Movant's first point is denied.

Movant next contends that the hearing court erred by holding that his trial counsel's request to consolidate all counts for trial did not deny him effective assistance of counsel.

In chambers before trial, the judge said the trial would proceed only upon the capital murder count, as the prosecutor had announced at a previous pretrial conference. Defense counsel said he was unaware of this and believed all counts were going to be tried together. Defense counsel asked for a continuance if the trial was to proceed only on the capital murder count because psychiatric evidence he planned to present would encompass all of the counts. The prosecutor indicated he was willing to try all of the counts together because all of his witnesses were available. The prosecutor said he planned to have the victims of the crimes which were committed immediately after the killing testify as to movant's sobriety. Both counsel then stipulated that all counts be tried together. Movant alleged, in his motion, that consolidation resulted in the presentation of evidence which would have been inadmissible and irrelevant if the capital murder charge had been tried alone. The gravamen of movant's second point is that consolidation of all the counts for one trial cannot be considered trial strategy.

Initially, we note that movant did not call defense counsel to testify at the 27.26 hearing to question him on his reasons for requesting a consolidation. Consequently, the only record before the court is the defense attorney's statement at the time the request for consolidation was made, i.e., he intended to present psychiatric evidence which was all encompassing as to each count.

The theory of the defense was that movant could not form the requisite intent to commit any of the crimes for which he was charged because of his diminished capacity due to his intoxication. Movant does not

challenge defense counsel's decision to use that defense, only his implementation of that defense. In order to best present this defense, it can be reasonably inferred that trial counsel made a deliberate decision to consolidate all counts for trial. The more bizarre and out of control movant was at the time of the crimes, the more it would support movant's claim of blackout, psychosis, and intoxication.

The reasonableness of defense counsel's decision to consolidate all counts for trial is measured at the time the decision is made and not measured "against the yard stick of hindsight." *See Byrd v. State*, 723 S.W. 2d 37, 38 (Mo.App.1986). However, just because a defense counsel's decision is labeled as trial strategy does not mandate a finding that it falls within the reasonable range of professional behavior. *Byrd*, 723 S.W.2d at 39.

■ Movant first claims that consolidating all charges for one trial was not defense counsel's trial strategy because the psychiatric evidence defense counsel presented at trial pertained only to the capital murder charge and had nothing to do with the other offenses. We disagree.

At trial, defense counsel called as a witness, Dr. Sadashiv Parwatikar, a psychiatrist who examined movant after the offenses. Dr. Parwatikar testified as to movant's diminished capacity. Dr. Parwatikar concluded that movant's mental facilities were impaired because of his intoxication, his history of alcoholism, and his previous treatment. That testimony was not limited to the murder charge.

Movant also points to defense counsel's closing argument at the end of the guilt phase of the trial to support his assertion that defense counsel's consolidation of all counts for one trial was not deliberate trial strategy. In effect, movant asks us to review the issue with the benefit of hindsight and to reach an inference based on speculation. The content of defense counsel's closing argument does not negate the inference that the decision to consolidate all counts for one trial was the trial strategy of a reasonably competent attorney.

Movant next claims that consolidating all charges for one trial was not defense counsel's trial strategy because he complained about the consolidation of all charges in his "Motion for New Trial." Once counsel's chosen strategy proved unsuccessful, it was not surprising that he raised every possible claim of error. We reiterate that defense counsel was not questioned about the reasons for any of his actions.

The hearing court's findings that consolidation was reasonable trial strategy was not clearly erroneous. In view of our holding we decline to address the prejudice aspect of the *Strickland* test. Movant's second point is denied.

In his third point, movant claims the hearing court erred when it held that trial counsel was not ineffective for failure to object to the prosecutor's closing argument that a life sentence for capital murder did not mean movant would serve life.

Movant contends that the prosecutor improperly injected the issue of parole in both his cross-examination of defendant at the penalty phase of the trial and during his closing argument. During cross-examination, the prosecutor asked movant questions which revealed that movant knew one of the conditions of his parole was that he not drink alcoholic beverages. Movant testified that, he realized, if he did drink alcoholic beverages, he would violate his parole and would probably return to prison to serve his two life sentences. When asked if serving an additional life sentence mattered to him, movant responded that it did. Movant also acknowledged that if he went back to prison there would be another possibility of parole. The prosecutor then asked, "Didn't you really decide that since you were going back with two life sentences anyway, that you were going to go back with a bang and you were going to get—as long as you were going back, you were going to get some evens before you went back?" Movant responded, "No, I didn't."

During closing argument the prosecutor said:

On November 18th when Mr. Nave was told: Any more drinking and you're go-

ing back, Mr. Nave already had two life sentences, so when Mr. Nave decided to drink that day, he was already going up for two lifes, and I submit to you that at that point, to Mr. Nave, it really didn't matter. As long as he was going back in, as long as he was going back to the penitentiary to, once again, take up serving two life sentences for a third time, what else can they do to him? When a person's got two life sentences already, what else are you going to do to him? And, so, Mr. Nave decided to go out as I asked him on cross-examination, with a bang. He was going to get back at some of the people that had been giving him problems while he was out this time. . . .

This segment of closing argument and these questions on cross-examination were not directed toward the possibility of movant's future release from an additional life sentence. Rather, the point was that the threat of additional punishment, when movant already faced reincarceration for violating parole, was in fact the impetus for his committing the crimes for which he was on trial. Even if the argument had been made over proper objection, it would not have been reversible error. *See State v. McDonald,* 661 S.W.2d 497, 506 (Mo. banc 1983). Counsel cannot be deemed to be ineffective for not making a non-meritorious objection. *Shaw v. State,* 686 S.W.2d 513, 516 (Mo.App.1985).

In a different part of the State's closing argument movant claims his counsel was ineffective for not objecting to the following:

> I don't necessarily think that the probation is bad or that parole is bad, but there comes a time when probation is expected, when mercy is the rule and when mercy is the order of the day and it's to be expected. Then it's not mercy, it's not mercy any more, it's just plain weakness and it's not a system of justice, it's a system of injustice and it's a fraud, a system right now where twenty-five years doesn't mean twenty-five years; where life doesn't mean life.
>
> Now, I'm not going to have a chance to get up and answer Mr. Ossman after he

finishes speaking to you. I expect Mr. Ossman is going to try tell you that in this instance that life without eligibility for probation or parole for fifty years will guarantee you that Emmett Nave never comes out again, but there is no such guarantee.

Generally, references in closing argument to future clemency and parole are improper. *McDonald,* 661 S.W.2d at 506. Where the remarks are brief and a small part of the closing argument, we would defer to the discretion of the trial court. *Id.* Thus, even if the argument had been made over proper objection, it would not have been reversible error. In the absence of reversible error, we find no prejudice under the second part of *Strickland's* two-prong test. Movant's third point is denied.

In his final point, movant claims the hearing court erred by finding his constitutional rights were not violated when he was sentenced to death without the jury finding any aggravating circumstance pursuant to Section 565.012, RSMo (1978).

The sufficiency of the verdict form was challenged on direct appeal. Movant cannot obtain a second review under Rule 27.26 when the issue was raised and decided on direct appeal. *See Edwards v. State,* 705 S.W.2d 102, 103 (Mo.App.1986).

Movant also contends he was denied effective assistance of counsel because his trial counsel failed to object to the sufficiency of the verdict at the time it was rendered. Because there was no error, his counsel was not ineffective for failing to raise a non-meritorious objection. Movant's fourth point is denied.

The judgment is affirmed.

SIMON, P.J., and GRIMM, J., concur.