Ronald W. OWEN, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 55871.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 12, 1989.

---

D. Terrell Dempsey, Hannibal, for movant-appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

PER CURIAM.

Movant appeals from the denial, without an evidentiary hearing, of his Rule 24.035 motion. We affirm.

 Movant pled guilty to first degree burglary in a plea bargain for the state's agreement to waive or not prove movant is a prior, persistent and class X offender,[1] and to recommend movant serve a sentence of fifteen years' imprisonment concurrently with any sentence served on charges then pending in Illinois. The court, after carefully questioning movant to establish the voluntariness of his plea, sentenced movant, in accordance with the plea bargain, "to a term of fifteen years at the department of corrections, state of Missouri, but order[ed] that sentence to run concurrently with any sentence served by [movant] on charges pending in the circuit court of Adams County, Illinois."

On June 22, 1988, movant filed a pro se motion alleging counsel, on several grounds, was ineffective. The court appointed counsel. Movant filed a motion to extend the time to file an amended motion and requested an evidentiary hearing. The court granted movant until October 11, 1988, to file an amended motion. Movant did not file an amended motion, but filed a motion for summary judgment and motion to suppress the plea transcript which were heard, with evidence adduced, on November 16, 1988. The court denied both motions, and heard and denied his request for an evidentiary hearing and his Rule 24.035 motion. The court, in denying the Rule 24.035 motion, entered thorough findings of fact and conclusions of law.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Chatman v.*

1. We note movant could not be sentenced as a class X offender since the crime occurred in August of 1986—before class X offender status

became effective. *State v. Lawhorn,* 762 S.W.2d 820, 824–26 (Mo.banc 1988).

*State,* 766 S.W.2d 724, 725 (Mo.App.1989). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986).

Movant's points on appeal follow:

1. The hearing court erred in denying appellant's motion to vacate, set aside or correct his sentence because no transcript of his guilty plea was prepared within 30 days from the date that appellant's incarceration was ordered, as required by Missouri Supreme Court Rule 24.03.

2. The hearing court erred in denying appellant's motion to vacate, set aside and correct his sentence because the hearing court erred in denying suppression of the guilty plea transcript in that the court reporter did not certify the accuracy of the transcript of appellant's guilty plea, as required by Missouri Supreme Court Rule 24.03.

3. The hearing court erred in denying appellant's motion to vacate, set aside and correct his sentence because appellant's plea of guilty was neither voluntarily nor knowingly made in that he was misinformed as to range of punishment and the status of further action pending against him in Illinois.

4. The hearing court erred in denying appellant's motion to vacate, set aside and correct his sentence because appellant's case was prejudiced by the ineffective assistance of counsel in that appellant's counsel failed to conduct an investigation that a reasonable attorney would have performed.

■ Initially we note that the failure of a court reporter to provide a certified transcript is not novel. The United States Supreme Court in *Norvell v. State of Illinois,* 373 U.S. 420, 424, 83 S.Ct. 1366, 1368, 10 L.Ed.2d 456 (1963), said, "When, through no fault of the State, transcripts of criminal trials are no longer available because of the death of the court reporter, some practical accommodation must be made." Here

a transcript was prepared from the shorthand notes of the deceased reporter. The reporter who prepared the transcript certified, "I ... have to the best of my ability, transcribed all of the proceedings had in the cause of *State of Missouri v. Ronald Wayne Owens,* No. CR587–170FX, from the shorthand notes of [decedent], Certified Court Reporter of the Tenth Judicial Circuit, State of Missouri." A similar procedure was used in *State v. Burke,* 684 S.W.2d 871 (Mo.App.1984). In *Lassen v. State,* 717 S.W.2d 538 (Mo.App.1986), the parties stipulated to portions of an incomplete transcript. We believe these cases, as well as *Jackson v. State,* 514 S.W.2d 532 (Mo.1974), stand for the proposition that a party complaining about the adequacy of a transcript must specifically show how he is prejudiced by the inadequacy of the transcript before he is entitled to any relief. Therefore, establishing noncompliance of Rule 24.03, without more, is insufficient.

■ We do not find in the record any specific allegation by movant where he alleges the transcript of the plea hearing is deficient because of transcription errors or omissions. We cannot fault the motion court's rulings on movant's motions to suppress and for summary judgment which were based on the state's noncompliance with Rule 24.03.

The record reveals the plea transcript was filed in court six days before movant's amended Rule 24.035 motion was due. The transcript is 13 pages long. The record is devoid of any indication of efforts by movant to get a further extension of time. Although the rigid time constraints set out in Rule 24.035 have been upheld, under the proper circumstances, exceptions could be made. In this case, where movant failed to request a further extension, he has no basis for complaint now. In any event, movant has failed to allege with specificity how the delay in his receipt of the transcript prejudiced him.

We have reviewed movant's remaining points. They raise issues regarding the effectiveness of counsel. We note they fail to comply with Rule 84.04—they do not state wherein and why the motion court's

ruling is erroneous; further, none of movant's points are followed by citations to authority. We refer movant to *Thummel v. King*, 570 S.W.2d 679, 684–690 (Mo. banc 1978). Regardless of their insufficiency, the issues raised by the points are fully addressed in the thorough findings and conclusions of the motion court which concluded they are refuted by the transcript of the plea hearing. The findings and conclusions of the motion court are not clearly erroneous.

Judgment affirmed.