STATE of Missouri, Respondent,

v.

Ronald PARKER, Appellant.

Ronald PARKER, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 61333, 64195.

Missouri Court of Appeals,
Eastern District,
Division One.

March 29, 1994.

Judith C. LaRose, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John R. Watson, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Ronald Parker, appeals from his conviction, after a jury trial, of second degree burglary, for which he was sentenced as a prior and persistent offender to a term of imprisonment of five years. He also appeals from the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

Viewed in the light most favorable to the verdict, the evidence established that on August 24, 1988, defendant had been employed for about three weeks as a part-time sales clerk in the gift department of the Washington University Bookstore (bookstore). On that day, the director of the bookstore was informed by an inspector that merchandise which belonged to the bookstore was found on the floor and in the ceiling of the mechanical equipment room. A wire screen separating the equipment room from an adjacent storeroom was cut. The storeroom led to the bookstore. The director notified the University police department. At the suggestion of the University police, the director left the merchandise in the mechanical equipment room. That night, the director followed his usual routine for closing the bookstore at 5:00 p.m. About one hour later, the director and the University police entered the bookstore and turned on the lights. As they walked through the bookstore, the police announced their presence and asked anyone "in the area to please step forward." When the search of the bookstore failed to uncover anyone, one of the officers returned to the storeroom close to the mechanical equipment room and looked under the shelves, where he discovered defendant hiding. A search of defendant's person uncovered a small flashlight in his pocket.

The jury found defendant guilty of second degree burglary. The court sentenced him, as a prior and persistent offender, to five years' imprisonment. Defendant then filed his Rule 29.15 motion, which the court denied after an evidentiary hearing.

■ Defendant raises two points on appeal. Point II challenges the sufficiency of the evidence to support his conviction of burglary in the second degree. Defendant argues that the evidence was "wholly circumstantial, and did not prove conclusively that [he] remained unlawfully in the bookstore for the purpose of committing a crime therein, as required by Section 569.170.1."

■ On review, facts and appropriate inferences drawn therefrom must be assessed in the light most favorable to the State and all adverse inferences and evidence disregarded. *State v. Smith*, 808 S.W.2d 24 (Mo.App.1991). Whether the evidence is direct or circumstantial, appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993).

Section 569.170.1, RSMo (1986) reads as follows:

A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.

The evidence proved the following: the bookstore closed at its usual time; defendant remained in the bookstore after closing; he did not reveal his presence when the police requested that he do so; merchandise from the bookstore was hidden in the mechanical equipment room; wire mesh separating the mechanical equipment room from the adjacent storeroom was cut and pulled back; defendant was found hiding in the storeroom adjacent to the mechanical equipment room; when found, he was wide awake and coherent; and defendant had a flashlight concealed on his person. The evidence was sufficient for the jury to conclude that defendant remained in the bookstore unlawfully. The evidence was also sufficient to establish that he remained in the building for the purpose of stealing merchandise, because he had access not only to the items hidden in the mechanical equipment room but also to other items in the bookstore. Defendant's second point is denied.

■ We now return to defendant's first point on appeal, which involves his Rule 29.15 motion. He claims that he was denied effective assistance of counsel due to his trial counsel's failure to object to certain portions of the State's closing argument. In order to prevail on an ineffective assistance of counsel claim, the movant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar

circumstances and (2) that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). There is a strong presumption that the attorney's conduct was proper. *Sanders*, 738 S.W.2d at 858.

■ During closing argument, the prosecutor made the following statements:

The next thing he's got to do is he's got to cut this wire. Look at the exhibit. This wire has been cut. You can see it. He cut it. You can't do that during that working hours, ladies and gentlemen. He's going to get caught. You can reasonably infer he stayed other times to complete this crime and cutting the wire between the bookstore and the mechanical equipment room. He cuts that. What tools does he need for that? Probably pliers or some type of a wirecutter is what he needs. It's not found on him but he did that the day before.

At the hearing on defendant's Rule 29.15 motion, trial counsel testified that he did not object to the State's comments during closing argument because he felt that the prosecutor was merely making a reasonable interpretation of the evidence to support the State's theory of the case. A review of the evidence in the instant action indicates that the prosecutor's comments were permissible as reasonable inferences from the evidence. *See State v. Mease*, 842 S.W.2d 98, 110 (Mo. banc 1992), *cert. denied*, ⎯ U.S. ⎯, 113 S.Ct. 2363, 124 L.Ed.2d 269 (1993). Counsel cannot be deemed ineffective for failing to make a non-meritorious objection. *Nave v. State*, 757 S.W.2d 249, 254 (Mo.App.1988), *cert. denied*, 489 U.S. 1059, 109 S.Ct. 1330, 103 L.Ed.2d 598 (1989).

■ Defendant also claims that his trial counsel should have objected to another portion of the State's closing argument in which the prosecutor said:

As you heard on voir dire how many people as you witnessed on voir dire, how many people who have been victims of crimes, the person has never been caught. Then if you are caught a lot of times they

don't come to trial. The State has done their job. They have prosecuted this man because he committed this crime.

This segment of the closing argument occurred during the summation of the evidence by the prosecutor. After reviewing the evidence for the jury, the prosecutor merely stated that, based upon the evidence, the State prosecuted defendant for the crime of burglary. The prosecutor's comments were were not improper in the context of the entire closing argument. Again, counsel was not ineffective for failing to make a non-meritorious objection. *Nave*, 757 S.W.2d at 254. Defendant's first point is denied.

The judgment of the trial court on direct appeal and the judgment of the motion court on defendant's Rule 29.15 motion are affirmed.

REINHARD and CRIST, JJ., concur.