Robert Fred ALLEN, Jr., Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 35796.

Missouri Court of Appeals,
St. Louis District.

Dec. 23, 1974.

Motion for Rehearing or Transfer Denied
Jan. 14, 1975.

Application to Transfer Denied
Feb. 10, 1975.

David Uthoff, Dir. of Juv. Div., Circuit Public Defender, Asst. Public Defender, Charles D. Kitchin, Public Defender, Christelle Adelman-Adler, James C. Jones, Asst. Public Defenders, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Thomas J. Kavanaugh, Asst. Circuit Atty., Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

DOWD, Chief Judge.

Robert F. Allen, Jr., has appealed from an order denying relief under Rule 27.26, V.A.M.R., following an evidentiary hearing. Appellant was convicted by a jury in 1970 of forcible rape and sentenced to 45 years imprisonment. The conviction was affirmed on a prior direct appeal. State v. Allen, 472 S.W.2d 358 (Mo.1971).

Appellant's sole point here is that he was denied effective assistance of counsel because his trial attorney failed to contact and present alibi witnesses on his behalf.

At the 27.26 hearing only the appellant and his trial attorney testified. Appellant testified that before the trial he furnished his attorney the names of seven or eight prospective witnesses who would support his alibi defense. Appellant further testified that the attorney informed the appellant that he did not believe the witnesses would help his case and that he agreed with the attorney. The alleged alibi witnesses did not testify at the original trial. The appellant was the sole defense witness.

The trial attorney testified that he and appellant talked generally about alibi witnesses but he never received a list of witnesses from the appellant. The names of some persons came up in discussions with appellant and it was suggested by appellant that they could testify as alibi witnesses. The appellant had told the trial attorney and his associate that he was guilty of the offense and had committed the crime but that he just wanted a trial. The appellant told his attorney that these witnesses would testify that the appellant "was at a place other than the place where the crime occurred." The trial attorney rejected the proposal to call alibi witnesses and so told appellant. He stated he told appellant that he would refuse to call any such witnesses

because their testimony would be perjury, and it would be illegal to call such witnesses. Appellant's attorney also knew that the appellant had made a voluntary confession of guilt after his arrest. During the trial, the appellant informed the attorney of inconsistencies in the victim's testimony which only a participant could have known. The first time appellant denied his guilt in the attorney's presence was when he testified at his trial.

The trial attorney and his associates did contact two of the potential witnesses. One Larry Bray refused to testify and the other witness, Allie Thompson was a co-defendant who had already been convicted and received a sentence of 75 years imprisonment. The investigation by the trial attorney convinced him that Thompson could not testify to anything favorable to the defendant and might testify against the defendant.

The trial court found that appellant's attorney had an extensive criminal practice and had met with appellant several times to discuss possible defenses, and had rendered appellant effective assistance of counsel at his trial.

The trial court also found that:

"3. Movant's attorney conducted himself in the highest standard of the legal profession when he refused to call as witnesses individuals who would do nothing more than commit perjury. The Code of Professional Responsibility, Rule DR7–102[A](4), adopted by the Missouri Supreme Court on November 6, 1970, expressly forbids an attorney from knowingly using perjured testimony. See also Section 557.040 (R.S.Mo.1969) ;[1]

No statute, no Supreme Court mandate, no moral law, and no dictate of common sense requires an attorney to violate the law in defense of his client. Mo.Sup.Ct. Rule 4, supra."

At no time during the 27.26 hearing did appellant deny that he informed his attorney and his associate that he was guilty. Nor did he deny that his attorney informed him that he would refuse to call any alibi witnesses who would commit perjury.

■ Here the trial attorney was under an absolute obligation not to present perjured testimony in support of his client. McNamara v. State, 502 S.W.2d 306, 308 (Mo.1973). Such conduct is against the mandate of the Code of Professional Responsibility [DR7–102–(A)(4)] and is a crime under Section 557.040, RSMo.1969, V.A.M.S. From the information available to him and in light of appellant's admissions to the attorney of participation in the crime, the trial attorney had no choice but to reject the use of the offered alibi testimony.

■ Finally, we find unconvincing appellant's argument here that because appellant's attorney allowed appellant to testify in his own behalf at trial and deny his guilt, the "excuse" for not calling the perjured alibi witnesses "cannot hold up." The trial attorney had been told by the defendant that he had participated in the crime and he accordingly knew that the alibi witnesses would be offering perjured testimony. As said, he was under an absolute duty not to call such witnesses. However, there would have been no way that appellant's attorney could have prevented appellant from testifying in his own defense at his trial.

■ Based on the evidence, the trial court's conclusion that appellant was not deprived of effective assistance of counsel is not clearly erroneous. Likewise, there

1. Rule 4, DR7–102(A)(4) was not adopted until after this case went to trial. However, we note that Rule 4, DR7–102(A)(4) is essentially a restatement of the prior rules governing the use of perjured witnesses by an attorney. See Rule 4.39 and Rule 4.41 of the Supreme Court Rules of 1953.

was no evidence that counsel's conduct of the defense deprived appellant of a fair trial. Sims v. State, 496 S.W.2d 815 (Mo. 1973).

The judgment is affirmed.

WEIER, CLEMENS and RENDLEN, JJ., concur.

