STATE of Missouri,
Plaintiff-Respondent,

v.

Jerry Wayne DANIELS,
Defendant-Appellant.

No. 12428.

Missouri Court of Appeals,
Southern District,
Division Two.

July 15, 1983.

Robert P. Baker, Sarcoxie, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Presiding Judge.

A jury found the defendant guilty of an attempt to commit robbery in the first degree and fixed his punishment at imprisonment for seven years. The trial court found he was, as charged, a persistent offender and sentenced him to imprisonment for thirty years. The defendant presents five points on appeal, none of which questions the sufficiency of the evidence.

By his first point the defendant contends the information is insufficient because it charges only an attempt to commit robbery, not first degree robbery. He argues the information does not contain a reference to the number of the statute defining first degree robbery and does not expressly allege the use of a deadly or dangerous weapon.

▆ The function of and test for determining the sufficiency of an information has been repeatedly stated. An information is not to be measured as if it were a part of some pedantic exercise. Rule 23.11. The information was sufficient if it adequately notified the defendant of the charge against him and constituted a bar to further prosecution for the same offense. *Hodges v. State,* 462 S.W.2d 786 (Mo.1971); *State v. Fletcher,* 512 S.W.2d 253 (Mo.App. 1974). Even if the defendant was charged with a completed offense of robbery in the first degree, the failure of the information to cite the section defining that crime as required by Rule 23.01(b)4 does not render it insufficient. *Emmons v. State,* 621 S.W.2d 329 (Mo.App.1981).

▆ In presenting this point, the defendant also refers to those portions of the information alleging he attempted to commit robbery by pointing a knife-like instrument at the victim and demanding money. The defendant's contention is answered by a portion of the information ignored in his argument. That portion alleges the defendant's conduct was "a substantial step toward the commission of *robbery in the first degree.*" (Emphasis added). The information plainly, concisely and definitely states the essential facts constituting the offense charged. Rule 23.01(b)2. Considered as a whole, it clearly tells the defendant that in so using a knife-like object he threatened the use of what appeared to be a dangerous instrument as condemned in § 569.020.1(4). *State v. Puckett,* 607 S.W.2d 774 (Mo.App.1980). The information performed its function and is sufficient. *State v. Dentman,* 588 S.W.2d 508 (Mo.App.1979).

▆ The defendant next contends the evidence does not support the determination he was a persistent offender. The state presented an exhibit showing that on January 13, 1958 he was convicted in Barton County, Missouri, of the felony of possession and uttering a forged instrument. It also presented an exhibit showing that on May 24, 1960 he was convicted in the City of St. Louis of the felony of carrying a concealed weapon. Two other exhibits, bearing only the date of 1960, showed convictions in the City of St. Louis for robbery in the first degree by means of a dangerous and deadly weapon. Section 558.016.2, applicable to defendant's sentence, but amended effective September 28, 1981, defined a persistent offender as one who has been convicted of two felonies committed at different times and not related to the instant crime as a single episode. The defendant argues the exhibits do not show prior convictions for felonies committed at different times.

It is obvious the state should present evidence to expressly establish the different times of the prior offenses. However, it does not follow the different times cannot otherwise be established. The trial court and this court may judicially recognize the

location of Barton County and the City of St. Louis. The state presented evidence of convictions for two distinct crimes in courts more than 200 miles distant and 26 months apart. The evidence falls within the purview of *State v. Leake*, 608 S.W.2d 564 (Mo.App.1980), in which this court said: "Where, as in this case, the inference is clear that the previous crimes were committed at different times, the state should not be required to negative every possibility without some evidence by the defendant that the crimes were committed at the same time." *State v. Leake*, supra, at pp. 565–66. The trial court found beyond a reasonable doubt the defendant had been convicted of two felonies committed at different times. That determination is supported by the evidence. *State v. Thornton*, 651 S.W.2d 164 (Mo.App.1983); *State v. Cullen*, 646 S.W.2d 850 (Mo.App.1982).

The defendant's next point is: "The court below erred in failing to follow the legislatively enacted extended term procedures, in that the court did not provide for establishing the facts pertinent to application of the persistent offender act prior to submission of the case to the jury, .... " In support of this point the defendant cites the procedure prescribed by § 558.021. In doing so he relies upon the language of § 558.021 as amended by 1981 Mo.Laws. However, that procedure did not become effective until September 28, 1981, well after the defendant's trial on July 31, 1981. The trial court did not err in following the procedure required by § 558.021 before the aforesaid amendment. The defendant's complaint the jury was misinstructed "you will assess and declare the punishment" has been held to be without merit in numerous cases. *State v. Hunter*, 586 S.W.2d 345 (Mo. banc 1979); *State v. Johnson*, 615 S.W.2d 450 (Mo.App.1981).

By his next point the defendant alleges error because the trial court did not give a mandatory instruction patterned on MAI–CR2d 2.60. However, the state's verdict directing instruction submitted a class B felony. An instruction patterned on MAI–CR2d 2.60 is mandatory only when a class C or D felony or a class A, B or C misdemeanor is submitted. MAI–CR2d 2.60, Notes on Use 2. MAI–CR2d 2.60 was not applicable.

The defendant's last point is that the trial court erred in admitting a striped shirt and blue denim pants. He argues those exhibits were not sufficiently connected with him or the offense to be relevant. The victim described his assailant as wearing a plaid shirt, dark pants, a red bandana and a wig. The shirt and pants in question and a red bandana, a wig and a knife were found in various locations in an alley into which the assailant fled after being thwarted in his effort at robbery. They were found between the scene of the crime and the point on the street where the defendant was quickly arrested while running away from the scene. He was wearing a short sleeve knitted shirt, although it was February. The defendant later told an officer he committed the crime but the officer couldn't prove it. The defendant gave a false account of his whereabouts at the time of the crime. A hair taken from the shirt in question was determined to be compatible with the hair of the defendant. A fiber from that shirt and two fibers from the pants in question were microscopically consistent with fibers from the wig. The victim identified the bandana and wig as being like those worn by his assailant. To be admissible, such demonstrative evidence need not be absolutely positively identified as the very items worn by the assailant. *State v. Kleypas*, 602 S.W.2d 863 (Mo.App. 1980); *State v. Williams*, 573 S.W.2d 75 (Mo.App.1978). The compatibility of hair samples was sufficient to cause those samples to be admissible. *State v. Kelly*, 539 S.W.2d 106 (Mo. banc 1976); *State v. White*, 621 S.W.2d 287 (Mo.1981). The various items were so tied together by circumstances to cause the comparison of the fibers to be admissible. *State v. Kleypas*, supra. This is true even though the victim had misdescribed the shirt and did not accurately describe the pants. The defendant's last

point is denied and the judgment is affirmed.

HOGAN and PREWITT, JJ., concur.