**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Steven Ray HENSLEY,
Defendant-Appellant.**

**No. 45473.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 19, 1983.

John A. Schneider, Wegmann, Gasaway, Stewart, Schneider, Dickhaner, Tesreau & Stoll, Hillsborough, for defendant-appellant.

Dennis Kehm, Hillsboro, John Ashcroft, Atty. Gen., Kristie Green Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

DOWD, Judge.

Appeal from defendant Steven Ray Hensley's conviction by a jury of manslaughter in violation of § 565.005 RSMo 1979. Defendant was sentenced to ten years, and for reversal contends the trial court erred in

refusing to admit evidence pertaining to a polygraph examination and a psychiatric examination. Judgment affirmed.

As defendant does not challenge the sufficiency of the evidence we will set forth only those facts necessary to this appeal.

On February 19, 1981, Mrs. Anna May Weible was killed by a single gunshot wound from a 30/30 Marlin rifle fired by the defendant. Thereafter, defendant emptied the gun of its remaining shells which resulted in bullet holes around the door of the Weible residence. Defendant claimed he tripped and that the gun went off accidentally. He was charged with second degree murder and convicted of the lesser included offense of manslaughter.

Defendant first contends that under the unique circumstances of this case, testimony concerning a polygraph examination given to the defendant should have been admitted into evidence. Specifically, defendant argues that since the police's own agencies used the same examiner, there was no other eyewitness to the incident and that the defendant told a completely consistent story to everyone, the jury should have been allowed to determine the probative value of this evidence in examining the truth of defendant's statements.

 Missouri case law is clear on this point and holds that the results of polygraph examinations are inadmissible as evidence in a criminal trial because they lack scientific support for their reliability. *State v. Biddle,* 599 S.W.2d 182, 191 (Mo. banc 1980); *State v. Lieberknecht,* 608 S.W.2d 93, 101 (Mo.App.1980). Defendant's arguments do not remove the inherent untrustworthiness of the polygraph examination. We are bound by the aforementioned holdings and defendant's point is without merit.

In his second point defendant contends the trial court erred in refusing to admit expert testimony concerning a psychiatric examination that found defendant was a passive—dependent personality of the sort that would have no concealed or repressed aggressive behavior tendencies. Defendant argues the State presented absolutely no evidence or even theory of motive for shooting and harming the victim and that the proffered expert testimony would have been probative and helpful to the jury in determining the truth of defendant's testimony.

 Questions as to the relevancy and admission of proffered expert testimony in a criminal proceeding are left to the discretion of the trial court and will not be overturned absent an abuse of that discretion. *State v. Sanders,* 619 S.W.2d 344, 348 (Mo. App.1981); *State v. Sager,* 600 S.W. 541, 572 (Mo.App.1980). Our review of the record reflects that the testimony in question did not involve any of the issues before the trial court and the denial of defendant's offer of proof was not an abuse of discretion.

We note that the expert witness, Dr. Maugh's testimony was not entirely excluded. He did testify concerning the nature and character of the defendant's reaction in emptying the shotgun after the initial shot struck the victim. This was clearly related to the particular events constituting the offense. The excluded portion of Dr. Maugh's testimony, however, is irrelevant. The statutory provisions that govern the admission of psychiatric testimony provides that the issue of whether any person had a mental disease or defect excluding responsibility is one for the jury upon the introduction of substantial evidence of lack of such responsibility. Section 552.030(7) RSMo 1980.

There was no evidence that the defendant suffered from a mental disease or defect which could have absolved him from responsibility for this offense. We believe defendant's psychiatric classification by Dr. Maugh as a passive—dependent personality was merely a generalization and certainly was not substantial evidence indicative of an ailment that could preclude him from committing the offense charged. The evidence must be relevant and material to the issue of the defendant's mental condition at the time of the commission of the act

charged. *State v. Moore,* 303 S.W.2d 60, 69 (Mo. banc 1957).

Accordingly, defendant's second point is denied and the judgment is affirmed.

SNYDER, P.J., and GAERTNER, J., concur.