**STATE of Missouri, Respondent,**

v.

**Christopher CANEPA, Appellant.**

**No. WD 35398.**

Missouri Court of Appeals, Western District.

May 9, 1984.

**206**

Charles W. Franklin, Franklin & Dowling, Columbia, for appellant.

William D. Rotts, Asst. Prosecuting Atty., for Joe Moseley, Prosecutor, Columbia, for respondent.

Before CLARK, P.J., and SHANGLER and NUGENT, JJ.

CLARK, Presiding Judge.

The offense in this case was operating a motor vehicle in excess of the speed limit set by statute. Canepa appeals his jury conviction and the sentence of seven days in the county jail and a fine of $300.00.

The first point on appeal contends the jury instruction as to punishment was in error in the specifications of maximum jail term and fine. As instructed, the jury was informed that it could order a term of imprisonment in the county jail not to exceed one year, a fine to be set by the court limited to a maximum of $500.00, or both a jail term and a fine. Appellant argues that these alternates of a fine or imprisonment do not conform either to a Class A misdemeanor which combines a one year jail term and a $1000.00 fine as maximums or to a Class B misdemeanor where available punishment is a jail term not to exceed six months and a fine of not more than $500.00. Under appellant's analysis, a maximum fine of $500.00 could not be paired with a jail term of more than six months.

Appellant overlooks the fact that he was charged with a misdemeanor proscribed under § 304.010, RSMo Supp.1982. That misdemeanor is not classified as Class A or Class B and therefore is not subject to the penalty provisions of Chapters 557 to 560. Instead, § 304.570, RSMo 1978 provides, in the case of a violation of any provision of Chapter 304 for which no specific punishment is set, the punishment range is a term of up to one year imprisonment, or a fine not to exceed $500.00, or both. The punishment instruction given the jury here conformed to the applicable statute and was therefore not erroneous.

It is to be noted that the information filed in the case cited as the penalty statutes § 558.011.1(5), RSMo 1978 and § 560.016, RSMo 1978. This may be the source of appellant's contention as to the instruction error. The information was, indeed, drawn with an apparent lack of care

and cannot be commended as a model charging document. The penalty sections were incorrectly cited, the applicable statute for this offense being § 304.570, RSMo 1978. This defect in the information creates no reversible error however, because, as noted above, the jury was correctly instructed under the appropriate statute. Moreover, even the omission of the penalty statute from the information, as is otherwise required by Rule 23.01(b)4, is not error if the information notifies the accused of the offense charged and constitutes a bar to another prosecution. There is no question in this case that Canepa knew the nature of the charge against him. No relief is warranted either because of the jury instruction or because the information did not refer to the correct penalty statute.

In his second point, appellant challenges the averments of the information as being insufficient to set out the elements of the offense under the statute. The information, in the relevant part, charged that Canepa "did unlawfully exceed the state speed limit of 70 miles per hour by operating a motor vehicle on Interstate 70, a public highway, at a rate of speed in excess of 70 miles per hour." The information then indicated the statute offended against to be "Section 304.010, RSMo."

This last mentioned statute contains twelve sections and subsections setting out speed limits for trucks of certain gross weights and other vehicles with speed limits ranging from seventy miles per hour to forty-five miles per hour depending on the character and location of the roadway. The statute provides particular speed requirements on "any divided highway designated and marked as a federal route." The gist of appellant's point is that the information here did not specify the location of the offense to be a divided highway nor did it indicate the highway to be a federally designated route.

■ The test of the sufficiency of an information is that it contain all essential elements of the offense as set out in the statute and that it clearly apprise the defendant of the facts constituting the offense in order to enable him to meet the charge and bar further prosecution. *State v. Strickland,* 609 S.W.2d 392, 395 (Mo. banc 1980). If the information includes these details, whether by following the language of the statute or by using words of similar import, poor draftsmanship will not render it fatally defective. *State v. Adams,* 546 S.W.2d 550 (Mo.App.1977).

In the present case, it is apparent the charged violation of exceeding a speed limit of seventy miles per hour could occur in one of two possible situations. Both are included in the provisions of § 304.010.2(1), RSMo 1978. The first applies to travel day or night on any divided highway marked as a federal route or on any state highway marked with appropriate speed limit signs. The second is limited to daytime travel on a federal route which is not a divided highway. Other situations, including night time travel on certain federal and state roads, involve speed limits of sixty-five or sixty miles per hour, depending on the designation and marking of the road by signs, and in cities, towns or villages where no other limit is set, the speed is limited to forty-five miles per hour.

The use in the information here of the term "Interstate 70" is sufficient to apprise the defendant of the charged fact that the roadway on which he was travelling is alleged to be a federal route. The interstate highway system is adequately entrenched in general public knowledge so as to be recognizable for what it is without further specification that an interstate route is a federal route. It does not also necessarily follow, however, that a specification of a highway as a federal route also infers that the roadway is divided. Appellant makes the point that the information lacks this element of a charge under § 304.010.2(1), RSMo 1978, that is, that the offense occurred on a divided highway. Admittedly, a speed of seventy miles per hour is associated in the language of the statute only with divided federal highways, state highways so posted and other federal routes during daylight hours.

It must be conceded that the information is deficient in the particulars of informing appellant which of these alternatives, or some other, he should prepare his defense to meet. We are, however, unable to agree that absent some objection to the information before trial, appellant has not waived the deficiency or, more importantly, that the information unchallenged by objection was so lacking in detail as to deprive the trial court of jurisdiction. The information in this case meets minimum jurisdictional requirements because the charge of a speed in excess of seventy miles per hour constitutes a violation of any of the subsections of "Section 304.010, RSMo" irrespective of whether the roadway was or was not divided. To sustain the charge, it was merely necessary for the state to prove the vehicle speed and the roadway as a federal route. Under any of the road conditions specified in § 304.010, RSMo 1978, a speed of more than seventy miles an hour is prohibited.

The distinction to be made in this case is between an information which is fatally defective and one which is imperfect. In the former, the trial court lacks jurisdiction because of a failure in the information to allege facts which comprise a crime. In the latter, a crime is alleged but certain particulars necessary to a proper understanding of the charge are lacking. *State v. Puckett*, 607 S.W.2d 774 (Mo.App. 1980). This case falls in the class of imperfect informations and because appellant could not have been misled thereby or demonstrably hampered in presenting his defense, his point on this aspect of the case is denied.

The judgment is affirmed.

All concur.