Jerry Wayne DANIELS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 13707.

Missouri Court of Appeals, Southern District, Division One.

June 25, 1985.

Larry Maples, Asst. Public Defender, Joplin, for movant-appellant.

William L. Webster, Atty. Gen., Mary Elise Burnett, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Movant, Jerry Wayne Daniels, was jury-convicted of attempted robbery in the first degree. The jury recommended a seven year sentence but the trial court, after hearing evidence, determined Daniels was a persistent offender and assessed a thirty year sentence. The trial court's judgment was affirmed on appeal. *State v. Daniels*, 655 S.W.2d 106 (Mo.App.1983).

Daniels then filed a motion to vacate his sentence which, after amendment, alleged, among other things, 1) that the sentencing court had no jurisdiction to sentence him to an extended term since the underlying information failed to sufficiently identify alleged prior convictions, thus making it impossible for Daniels to refute the allegations or plead all essential facts warranting imposition of an extended term, and 2) ineffective assistance of counsel at trial.

After an evidentiary hearing, the motion court filed findings of fact, conclusions of law, and an order denying the relief requested.

On appeal, Daniels asserts that the motion court erred because 1) the sentencing court had no jurisdiction to enhance his punishment since his prior convictions were not alleged with sufficient particularity to satisfy the requirement of Missouri law that, in order to classify a defendant as a persistent offender, the state must prove that the defendant has been previously convicted of at least two felonies committed at different times, 2) it did not make findings of fact and conclusions of law on the issue of whether the failure to attempt to suppress an alleged confession by Daniels was ineffective assistance of counsel, and 3) it found that trial counsel was not ineffective for failing to call certain witnesses who would have bolstered Daniels' defense that he had not attempted the robbery in question.

Our review is limited to a determination of whether the findings, conclusions and order of the motion court denying relief are clearly erroneous. *Rice v. State*, 585 S.W.2d 488, 493 (Mo. banc 1979); Rule 27.-26(j), V.A.M.R. Findings of fact and conclusions of law are clearly erroneous only if a review of the entire record leaves this court with a firm and definite impression that a mistake has been made. *King v. State*, 639 S.W.2d 396, 397 (Mo.App.1982).

On the first issue, the motion court found that the information filed against Daniels sufficiently charged him as a persistent offender. That part of the information in question reads as follows:

Defendant is a persistant [sic] offender, punishable by sentence to an extended term of imprisonment under Section 558.016 RSMo in that he has been previously convicted of at least two felonies committed at different times and not related to the instant crime as a single episode, said previous convictions being as follows:

1. possession and uttering forged instrument in 1958[,]

2. robbery first degree by means of a dangerous and deadly weapon in 1960[,]

3. robbery first degree by means of a dangerous and deadly weapon in 1960[, and]

4. carrying concealed weapon in 1960[.]

 As stated in the direct appeal opinion, it is apparent that the trial court used the 1958 possession and uttering of a forged instrument and one of the 1960 felony convictions as the basis for its finding that Daniels was a persistent offender. The information, though certainly not a model as to form, sufficiently advised Daniels of the crimes in question. If he was really confused, he could have filed a bill of particulars, which he did not do, asking for more details. Failure to do so precludes future challenge to an information that alleges essential facts but fails to set out particulars concerning those facts. *State v. Lewis*, 642 S.W.2d 627, 630 (Mo. banc 1982).

 Further, we do not understand why the motion court even addressed this issue. The very same issue was presented to this court on direct appeal. Daniels cannot use a Rule 27.26 motion for a second bite at the same apple. *Pollard v. State*, 628 S.W.2d 430, 430 (Mo.App.1982).

 As to the second issue, Daniels' amended 27.26 motion does not allege ineffective assistance of trial counsel for failure to try to suppress oral statements made by Daniels concerning the robbery attempt. Since this is the case, the motion court had no duty to address the issue in its findings and consequently did not do so. If an issue is not presented in a Rule 27.26 motion, and the hearing does not focus on that issue, the issue may not be considered on appeal. *Anderson v. State*, 647 S.W.2d 883, 884 (Mo.App.1983). Though the issue was briefly raised at the evidentiary hearing, no request was made to amend the 27.26 motion to include the allegation. Even if the point had been validly raised, examination of the record indicates that trial counsel did not move to suppress the confession because, in his opinion, it was made voluntarily, and there was no legal grounds to attempt to suppress it. The record does not refute this analysis.

In regard to the final point, the trial court found:

That Petitioner-Movant does not sustain the burden of proof that he received ineffective assistance of counsel in the defense of the charge of Attempted Armed Robbery in that:

a) His attorney did interview witnesses that he was able to locate, some of whom were present during the trial, although they were not called to testify as a matter of trial strategy.

. . . .

c) While his attorney failed to call some defense witnesses who were present the day of the trial to testify, the testimony which would have been elicited would not have been material to any defense of Petitioner-Movant and would have confounded defense counsel's trial strategy.

These findings are supported by the record.

The findings and conclusions of the motion court are supported by substantial evidence and are not clearly erroneous. A more extended opinion would have no precedential value.

TITUS, P.J., and FLANIGAN, J., concur.