**STATE of Missouri, Plaintiff-Respondent,**

v.

**Charles Frederick EASTIN, Defendant-Appellant.**

**No. 51800.**

Missouri Court of Appeals, Eastern District, Division Three.

June 16, 1987.

Motion for Rehearing and/or Transfer Denied July 21, 1987.

Application to Transfer Denied Sept. 15, 1987.

Mayhugh & Harris, Shawn R. McCarver, Flat River, for defendant-appellant.

Mark Akers, Pros. Atty., Potosi, William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

The defendant, Charles Frederick Eastin, appeals his conviction of sexual abuse in the first degree alleging that there was insufficient evidence to support the jury verdict, that the court erred in proceeding to try the case because the felony information cited Section 66.100 RSMo 1986 rather than Section 566.100 RSMo 1986 as the statute violated, and that the trial court erred in admitting a police officer's testimony that defendant had admitted touching the alleged victim's buttocks.[1] This statement was allegedly inadmissible as a statement against interest because it was made during a polygraph "pre-test," was not relevant, and was purportedly not properly established to have been voluntary. The judgment is affirmed.

Defendant correctly notes that Rule 23.-01(b)(4) provides that an indictment or information shall "cite the section of the statutes alleged to have been violated." Defendant, however, failed to object to being tried under the amended information and he failed to raise the issue of its alleged defect in his motion for a new trial. The issue is raised for the first time on appeal. Therefore, we examine only the questions of whether the defect was sufficient to have deprived the trial court of jurisdiction and whether the trial of the case under the "defective" information constituted plain error.

"An information is not to be measured as if it were a part of some pedantic exercise. Rule 23.11. The information was sufficient if it adequately notified the defendant of the charge against him and constituted a bar to further prosecution for the same offense." *State v. Daniels*, 655 S.W.2d 106, 107 (Mo.App.1983). Under Rule 23.11,

---

**1.** The state's motion to dismiss the appeal, which was taken with the case, is hereby over- ruled.

it is only error to proceed under a defective indictment or information if the defects "prejudice the substantial rights of the defendant." *See, Hulstine v. State,* 702 S.W.2d 120, 122 (Mo.App.1985); and *State v. Canepa,* 670 S.W.2d 205, 207 (Mo.App. 1984). A finding of plain error would also require a finding that the defect affected defendant's substantive rights, as well as a finding that the prejudicial effect resulted in a manifest injustice. Rule 29.12.

The information charged defendant with having committed sexual abuse in the first degree against J.S., the alleged victim. Where the charge is clear, even a complete failure to cite a section number has been held to be harmless. *State v. Harris,* 598 S.W.2d 200, 202 (Mo.App.1980); *State v. Tierney,* 584 S.W.2d 618, 622 (Mo.App. 1979).

■ Sections 566.100 and 66.100 do not address related offenses which might have given rise to confusion despite the wording of the information. Section 66.100 does not even relate to a criminal offense. It addresses how fines for violations of county ordinances are to be assessed, paid and recorded. We find no plain error and no basis for a finding that the trial court lacked jurisdiction to proceed.

■ We also find no error in the trial court's admission of a police detective's testimony that defendant had admitted rubbing the alleged victim's buttocks. Defendant cites *State v. Hensley,* 655 S.W.2d 810 (Mo.App.1983) for the proposition that the testimony was inadmissible because the admission was made during part of a polygraph examination and statements made during a polygraph examination are per se inadmissible. *Hensley,* however, does not stand for the proposition that any statement made during any part of a polygraph test is inadmissible. *Hensley,* like *State v. Biddle,* 599 S.W.2d 182 (Mo. banc 1980), stands for the proposition that "the *results* of polygraph examinations are inadmissible as evidence in a criminal trial because they lack scientific support for their reliability." *Hensley* at 811. Emphasis added. The fact that the admission against interest occurred during a polygraph "pre-test," does

not insulate the admission against use if it was voluntary and relevant. The trial court did not allow any mention of the polygraph examination, and therefore no prejudice resulted from the fact that the statement was made during the "pre-test."

At trial, defendant made no mention of the voluntariness issue and no motion to suppress was filed. The detective testified that prior to speaking with the defendant, he had given him the *Miranda* warnings. The detective specifically testified: "I advised him ... of his right to remain silent, that anything he said could be used against him in a court of law. I advised him that he had the right to seek counsel and have counsel with him during any questioning. I advised him if he could not afford counsel that counsel would be appointed for him, if he so desired." Defendant jumps on the fact that when the detective was asked "Did he [defendant] indicate that he understood those rights," he responded "yes sir. I did," rather than "yes sir. He did." No objection was made that there was an insufficient foundation laid for admission of the statement and we find no insufficient foundation. It was clear that the detective had simply misspoken, and defendant was not shown to be of below average intelligence so that it would be likely that he would have misunderstood the warnings.

■ With respect to the relevancy of the statement, we note that a statement does not have to be an express admission of guilt to qualify as an admission against interest. *State v. Bannister,* 680 S.W.2d 141, 148 (Mo. banc 1984), *cert. denied,* 471 U.S. 1009, 105 S.Ct. 1879, 85 L.Ed.2d 170 (1985). If this were not the case "admission against interest" and "confession" would be equivalent terms. The questions of whether the admission was relevant and whether it qualified as an admission against interest depended upon "all the circumstances." *Bannister, Id.* Those questions were for the trial court and we find no error in its affirmative answer to both. Defendant was charged with sexually abusing J.S., who was eleven years old at the time and was the daughter of his girlfriend. He admitted the truth of her alle-

gation that he had touched her and admitted rubbing her buttocks. While this may not constitute sexual abuse, it does indicate that he had sexually suggestive contact with the child which corroborated her testimony in part.

That leaves us with the issue of whether the evidence, taken together, was sufficient to justify the trial court's denial of defendant's motions for acquittal at trial and to sustain the jury's guilty verdict.

Section 566.100.1(2) states:

A person commits the crime of sexual abuse in the first degree if:

He subjects another person who is less than twelve years old to sexual contact.

Sexual contact has been defined in Section 566.010 to mean "any touching of the genitals or anus of any person, or the breast of any female person; or any such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person." Defendant asserts that he was entitled to a judgment of acquittal because the state failed to prove that he touched J.S.'s genitals, anus or breast.

When the sufficiency of the evidence is questioned, we review the evidence in the light most favorable to the verdict, affording the state all reasonable inferences and ignoring contrary evidence and inferences. *State v. Brown,* 660 S.W.2d 694, 699 (Mo. banc 1982); *State v. Edwards,* 657 S.W.2d 343, 346 (Mo.App.1983); and *State v. O'Neal,* 651 S.W.2d 634, 637 (Mo.App.1983). Viewed in this light the evidence was sufficient to support the verdict.

■ J.S. testified that she came into her mother's bedroom to brush her hair in preparation for a Sunday evening church service. Defendant was already in the room getting something from the closet. When defendant saw her in the room, he grabbed her, laid her on the bed and pulled up her dress. He then pulled down his own pants and touched his penis. J.S. testified "[h]e touched me in the front and rubbed me in the back." The prosecutor then asked J.S. to "show this jury just in the general area where he touched you." The only notation of the answer to that request in the record is "[t]here and back there,"

indicating that J.S. pointed for the benefit of the trial court and the jurors. There is no indication in the record, however, of specifically where J.S. pointed.

The issue before this court on appeal from a conviction under Section 566.100.-1(2) based on the sufficiency of the evidence to demonstrate sexual contact, is whether at least a reasonable inference arises that defendant was touching the child's genitals, anus, or breasts, in the case of a female child. *State v. Edwards, supra* at 346. Defendant laid J.S. on a bed, pulled her dress up and his pants down, and began rubbing her. He admitted rubbing her buttocks, at least; leaving little question that the touching was sexual in nature. In this connection it is important to note that the victim was a young child and as such lacked the technical knowledge and vocabulary to describe what had happened in the same way that an adult might.

In *Edwards,* the court found the evidence sufficient to sustain a conviction under Section 566.100.1(2) when the victim testified that the defendant had taken her to the basement, taken off her pants, placed her on a bed and touched her bottom; and her mother testified that the child had *pointed* to the area between her legs when asked where she had been touched. The child in *Edwards* was six rather than twelve at the time of trial, as noted by defendant. This fact alone, however, does not affect the issue of the sufficiency of the evidence. We find the case at bar to be analogous to the *Edwards* case. The jurors and the trial judge heard the testimony and saw where the victim indicated she was touched. The trial judge found the evidence to be sufficient to support the charge as did the jurors. On the record before us, we find no error.

Judgment affirmed.

CRANDALL and KAROHL, JJ., concur.