Jerome Edwin BERRY,
Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 53947.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 9, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 21, 1988.

Application to Transfer Denied
Nov. 15, 1988.

Michael D. Burton, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted of two counts of forcible rape, one count of attempted first-degree robbery, and one count of kidnap- ping. He was sentenced to a total of 45 years' imprisonment.[1] A brief statement of the facts is set forth in *State v. Berry*, 679 S.W.2d 868 (Mo.App.1984), wherein we affirmed movant's convictions on direct appeal.

Movant filed a pro se Rule 27.26 motion, alleging ineffective assistance of counsel. The motion court dismissed his motion without an evidentiary hearing for failure to state a claim upon which relief might be granted. On appeal we remanded the case because there was no indication of the participation of appointed counsel under Rule 27.26(h) and because the motion court dismissed the motion without ascertaining whether there had been compliance with Rule 27.26(h). *Berry v. State*, 722 S.W.2d 130 (Mo.App.1986).

Following remand, movant's appointed counsel filed an amended Rule 27.26 motion. In it movant alleged his trial counsel was ineffective 1) in failing to call movant's sisters, his father, and Wiley Gibson as alibi witnesses and 2) in failing to call Jesse Berry, movant's father, to impeach the victim regarding her testimony that she had never seen movant before the attack on August 3, 1981. At the evidentiary hearing the following witnesses testified: movant, his father, his sister Tina Berry, Samuel Williams, and movant's trial counsel. The motion court denied movant's motion, finding that counsel used his professional judgment and made a conscious choice not to call movant's father, his sister, and the other alibi witnesses he was able to contact and that movant was not prejudiced by this decision.

On appeal movant contends the motion court erred in denying his motion because he established he was afforded ineffective assistance of counsel. In his first point he asserts he proved counsel was ineffective in failing to call at trial known alibi witnesses in his behalf.

Our review is limited to determining whether the findings, conclusions, and

1. Movant was sentenced to 30 years' imprisonment on each of the rape counts, sentences to run concurrently, and to two concurrent 15-year prison terms for attempted robbery and kidnapping, sentences to run consecutively to the sentences for the two rape convictions. *State v. Berry*, 679 S.W.2d 868, 870 (Mo.App. 1984).

judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915. The motion court is not required to believe the testimony of a movant or any other witness at a Rule 27.26 hearing, and an appellate court must defer to the motion court's determination of credibility. The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Armour v. State* 741 S.W.2d 683, 688 (Mo.App.1987).

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

In determining whether counsel's performance was deficient, the test is whether counsel's assistance was reasonable under all the circumstances. There is a strong presumption that criminal defense counsel's conduct falls within "the wide range of reasonable professional assistance," and a movant must overcome the presumption that certain actions of counsel might be regarded as sound trial strategy. *Richardson*, 719 S.W.2d at 915, *citing*, *Strickland*, 466 U.S. at 688–89, 104 S.Ct. at 2065.

At the evidentiary hearing Jesse Berry testified movant was with him during the time the crime was committed; first he and movant were at a tavern, and thereafter movant drove Tina Berry to the county hospital, accompanied by the entire family. He stated they did not return home until early in the morning on August 4. Samuel Williams, a long-time friend of Jesse Berry, testified that he saw movant and his father at the tavern during the evening on August 3 during the time the attack occurred and that counsel had not contacted him. Tina Berry corroborated Jesse Berry's testimony that movant had driven her and the rest of the family to the hospital that night. Movant testified he had been at the tavern with his father and later had driven his sister and the rest of the family to the county hospital the night of the attack. Movant said that he told his counsel about these facts and about the witnesses, that counsel initially told him he would call these witnesses at trial, and that before trial counsel told him it was not necessary to call the witnesses because they were not believable.

Counsel testified he spoke with Jesse Berry and movant's sisters and, with the assistance of movant's father, he attempted to contact the other witnesses movant named to him. He stated he did not present the alibi witnesses because he found no evidence to support the alibi testimony and because he believed the alibi had been fabricated for trial. Specifically, counsel said that Wiley Gibson told him he would testify to movant's alibi but he would not be testifying truthfully, that he could not verify Tina Berry had been at the county hospital that night, and that Tina's original conversation with him did not support the alibi.

A decision not to call a witness to testify is a matter of trial strategy that is virtually unchallengeable. *Sanders*, 738 S.W.2d at 858. "If an attorney believes the testimony of an alibi witness would not unqualifiedly support his client's position, it is a matter of trial strategy not to call him to the stand." *Eldridge v. State*, 592 S.W.2d 738, 741 (Mo. banc 1979). Here, counsel could not substantiate movant's alibi beyond the testimony of family and friends, and he had a basis for believing the alibi had been fabricated. Counsel was obligated not to present perjured testimony in support of his client. *Allen v. State*, 518 S.W.2d 170, 172 (Mo.App.1974). The motion court did not clearly err in finding counsel's decision not to call movant's alibi witnesses was a matter of trial strategy.

**250**

Movant also contends he proved his counsel "failed to fully *investigate* this case and as a result did not discover defense witnesses that would have attacked the credibility of the state's chief witness" (emphasis ours). He emphasizes the testimony of Jesse and Tina Berry at the evidentiary hearing wherein they stated they had seen him with the victim on occasion prior to the attack. This point is not the same as the claim raised in movant's motion and addressed by the motion court. In his amended motion and at the evidentiary hearing movant asserted counsel *failed to call* Jesse Berry at trial to testify and impeach the victim. Claims not raised in a Rule 27.26 motion or not presented to the motion court cannot be raised for the first time on appeal. *Munoz v. State*, 743 S.W. 2d 506, 507 (Mo.App.1987); *Stokes v. State*, 671 S.W.2d 822, 824 (Mo.App.1984).

Furthermore, movant's claims lack merit. Counsel testified that he spoke with both Jesse and Tina Berry prior to trial, that he determined none of the family members had seen movant with the victim prior to the attack, and that he had attempted to contact all the witnesses movant named to him. The motion court found that counsel's decision not to call Jesse Berry was a matter of trial strategy and that counsel "made a considerable effort to collect evidence and obtain witnesses in movant's behalf." These findings are not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.