Jerome BROWN, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 56185.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 13, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 14, 1990.

James S. McKay, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

Movant-appellant, Jerome Brown, appeals from an order of the circuit court of the City of St. Louis denying his Rule 29.15 motion after an evidentiary hearing. We affirm.

Movant was found guilty by a jury and sentenced to an aggregate of twenty-five years for the offenses of forcible rape, forcible sodomy and armed criminal action. Sections 566.030, 566.060, 571.015, R.S.Mo. 1986. His conviction was affirmed on appeal. *State v. Brown*, 747 S.W.2d 261 (Mo. App.1988). The detailed facts are stated in that opinion. Briefly, movant, with the aid of a knife forced the victim into a back room of her place of employment and raped and sodomized her. He tied her up and blindfolded her. Later, the victim identified movant by means of pictures and at a lineup.

On May 23, 1988, movant filed his pro-se motion to vacate his conviction pursuant to Rule 29.15. After counsel was appointed, an amended motion was filed on August 5, 1988. Movant charged that he received ineffective assistance of trial counsel because counsel failed to investigate and produce his girlfriend, a mutual friend and his three sisters, as alibi witnesses on his behalf at the trial. An evidentiary hearing was held on the motion on November 18, and December 9, 1988. During the hearing, appellant testified on his own behalf as did his three sisters. His girlfriend and their mutual friend did not testify. Trial counsel also testified. At the hearing, movant and his sisters testified that he arrived at his father's house on the day of the crime, but they were unsure as to the time. Movant testified that he gave information concerning his alibi to trial counsel, and gave him their addresses and phone numbers.

Trial counsel testified that movant gave him the names of only two witnesses, his girlfriend and their mutual friend, one of whom admitted she was lying and that movant asked her to provide an alibi for him. Counsel also testified that he recalled "speaking with members of [movant's] family," and decided not to endorse them because they "claimed to have seen him later ... which was not relevant to the time when the incident was supposed to have taken place." He believed their testimony could only be used to establish movant's whereabouts after the offenses occurred.

On December 23, 1988, the motion court entered its findings of fact and conclusions of law, noting several inconsistencies and determining that counsel exercised trial strategy.

On appeal, movant contends that the motion court erred in denying his motion because the preponderance of the evidence established that he had alibi witnesses who were willing and able to testify and who were not produced by trial counsel on his behalf.

Rule 29.15 effective January 1, 1988, provides a procedure for relief to a person convicted of a felony who asserts or claims that the judgment of conviction imposed violates the law or the constitution of this state or the United States, or that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum authorized by law. Rule 29.15 is the successor to Rule 27.26 which was repealed by the Supreme Court. The new Rule was enacted to change the timing and procedure under Rule 27.26 and not the scope or substance of Rule 27.26. *See Day v. State*, 770 S.W.2d 692 (Mo. banc 1989); *Short v. State*, 771 S.W.2d 859, 863 (Mo.App.1989).

Our review is a limited one. "Appellate review of the trial court's action on the motion filed under this Rule 29.15 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j).

*Mallett v. State,* 769 S.W.2d 77, 79 (Mo. banc 1989). The motion court's findings, conclusions and order are clearly erroneous only if a review of the record leaves the appellate court with a definite and firm belief that a mistake has been made. *Foster v. State,* 748 S.W.2d 903, 905 (Mo.App. 1988); *Armour v. State,* 741 S.W.2d 683, 688 (Mo.App.1987).

The legal principles relative to the standards relating to ineffectiveness of counsel are clear.

■ In order to prevail on a claim of ineffective assistance of counsel, movant has a heavy burden. It must be shown that (1) his attorney failed to exercise that customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and (2) he was thereby prejudiced. *Mallett v. State, supra,* 769 S.W.2d at 82; *Roberts v. State,* 775 S.W.2d 92, 94 (Mo. banc 1989); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). When examining the reasonableness of defense counsel's actions, there is a strong presumption that the attorney's conduct falls within the wide range of reasonable professional assistance because it is easy for the court examining counsel's defense after it has proved unsuccessful to conclude that an act or omission is unreasonable. *Sanders, supra,* 738 S.W.2d at 858. Counsel's conduct must so undermine the proper functioning of the adversarial process and counsel's deficiencies must prejudice his defense. The movant must make both showings. *Sanders, supra,* 738 S.W.2d at 857.

■ When a claim of ineffectiveness of counsel is made on the ground that counsel has failed to locate and present witnesses, as here, movant must show that the witnesses could have been located through reasonable investigation, that the witnesses would have testified, if called, and that their testimony would have provided a viable defense. *Hogshooter v. State,* 681 S.W.2d 20, 21 (Mo.App.1984). Otherwise stated, when ineffectiveness of counsel is alleged for failure to contact potential witnesses, movant must show what specific information the counsel failed to discover, that reasonable investigation would have disclosed that information and that the information would have aided his position. *Rice v. State,* 585 S.W.2d 488, 493 (Mo. banc 1979); *Thomas v. State,* 736 S.W.2d 518, 519 (Mo.App.1987).

■ Tested by these well-settled principles, the motion court was not clearly erroneous in denying movant's 29.15 motion. The court found that movant's counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable judgment." This finding was not error. The motion court is free to determine the credibility of the witnesses. *Shaw v. State,* 766 S.W.2d 676, 680 (Mo. App.1989).

Trial counsel had a basis for believing that the alibi testimony of movant's girlfriend and their mutual friend had been fabricated due to certain inconsistencies and an admission that one was lying. Trial counsel testified that movant gave him the names and addresses of the girlfriend and their mutual friend, Donna. Counsel interviewed them and subpoenaed them. After counsel pointed out several inconsistencies in their statements, one admitted "she was lying" about spending the afternoon with movant, and that movant asked "her to make an alibi for him." As to movant's girlfriend, counsel decided "he could not use her testimony," because he believed she was lying. Counsel did not use their testimony because he could not "put on testimony that I knew would be perjured." Counsel is obligated not to present perjured testimony in support of his client. *Allen v. State,* 518 S.W.2d 170, 172 (Mo. App.1974); *Berry v. State,* 759 S.W.2d 247, 249 (Mo.App.1988).

Counsel testified that the crimes occurred at about 3:30 or 4:00 p.m. Counsel spoke to the members of movant's family, but did not produce them at trial because of the fact "that they claimed to have seen him later ... which was not relevant to the time when the incident was supposed to have taken place."

The testimony of movant's three sisters at the evidentiary hearing bore out counsel's decision not to produce them at trial. One sister testified she did not remember "the exact time" movant arrived at his father's house. She did not remember how long he was there. She did remember that he left and went to a park. Another sister testified that she could not recall exactly when movant arrived at the house, but "it should have been after 4:00, I guess." The third sister remembered seeing him "after four." The sisters' testimony related to a time after the criminal offenses had taken place.

In view of the testimony at the evidentiary hearing, trial counsel's decision not to produce the three sisters at trial was a matter of trial strategy. The record reveals that the matters upon which movant claims his counsel was ineffective were matters of trial strategy and counsel cannot be judged to be ineffective based on such ground. *Mahaney v. State*, 660 S.W.2d 774, 775 (Mo.App.1983); *Eldridge v. State*, 592 S.W.2d 738, 741 (Mo. banc 1979).

A decision not to call witnesses to testify is a matter of trial strategy that is virtually unchallengeable. *Sanders, supra,* 738 S.W.2d at 858. "If an attorney believes the testimony of an alibi witness would not unqualifiedly support his client's position, it is a matter of trial strategy not to call him to the stand." *Eldridge, supra,* 592 S.W.2d at 741; *Berry v. State, supra,* 759 S.W.2d at 249.

In view of the above, the trial court did not err in denying movant's 29.15 motion. Rule 29.15(j).

Judgment affirmed.

All the Judges concur.