STATE of Missouri, Respondent,

v.

J.C. HILL, Appellant.

J.C. HILL, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 56143, 59971.

Missouri Court of Appeals,
Eastern District,
Division One.

March 23, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 12, 1993.

Application to Transfer Denied
June 29, 1993.

David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction for first degree robbery and the subsequent denial of his Rule 29.15 motion for post-conviction relief. We remand in part and affirm in part.

Defendant does not challenge the sufficiency of the evidence. In the light most favorable to the verdict, the evidence adduced at trial was the following: On March 20, 1988, Jeffrey Adams (Victim), an employee of the Campus Ministry for St. Louis University, was in the basement of the St. Francis Xavier Catholic Church preparing for the 7 p.m. liturgy. Victim was startled by a voice which demanded his money. After Victim responded he did not have any, Victim returned to his work. At that time, he was knocked unconscious. At the time of the attack, Victim had $30 in his wallet. Following the incident, Victim's wallet was on the floor next to him and did not contain $30. After problems with his vision cleared, Victim identified Defendant as the assailant. Defendant was indicted for first degree robbery. After trial, a jury convicted him. He later appealed and filed a Rule 29.15 motion which the motion

court denied without an evidentiary hearing. Both appeals are consolidated.

In Point I, Defendant argues the trial court erred in denying his timely *Batson* motion. At trial, Defendant challenged the State's use of five of its peremptory strikes against African–American venirepersons. The trial court denied Defendant's motion because six African–Americans remained on the jury panel. The trial court erred by failing to require the State to state its race-neutral reasons and in failing to consider those reasons in its decision. *State v. Parker*, 836 S.W.2d 930, 939 [12] (Mo. banc 1992); and *State v. Antwine*, 743 S.W.2d 51, 64 [14] (Mo. banc 1987). Therefore, we must remand to the trial court for an evidentiary hearing conforming to the guidelines set forth in *Parker*, 836 S.W.2d at 939–40 [12–14], to determine whether the State's peremptory strikes were racially motivated.

In Point II, Defendant argues the trial court abused its discretion in disallowing the testimony of Alvin G. Goldstein, Ph.D., an alleged expert in the reliability of eyewitness identification. Defendant contends his expert should have been allowed to testify to the effect of violence on memory, problems with cross-racial or cross-ethnic identification, and possible overestimation of time by eyewitnesses.

The admissibility of expert testimony is within the discretion of the trial court, and we will overturn its decision only upon a showing of abuse of discretion. *State v. Jordan*, 751 S.W.2d 68, 78 [12] (Mo.App.1988); and *State v. Hensley*, 655 S.W.2d 810, 811 [3] (Mo.App.1983). Expert opinion testimony should not be admitted unless the jurors themselves are incapable of drawing from their own experience or knowledge correct conclusions from the facts. *State v. Taylor*, 663 S.W.2d 235, 239 [1] (Mo. banc 1984).

Two recent Missouri Supreme Court cases deal with the issue of admissibility of expert testimony on reliability of eyewitness identification. In *State v. Lawhorn*, 762 S.W.2d 820 (Mo. banc 1988), the court held the trial court did not abuse its discre-

tion in prohibiting such testimony. The court noted similar cases in other jurisdictions which held expert testimony on eyewitness identification may be excluded because "such matters are within the general realm of common experience of members of a jury and can be evaluated without an expert's assistance." *Id.* at 823 [2–4]. The court stated there is no abuse of discretion if a defendant has an opportunity to inform the jury about the problems of eyewitness identification through cross-examination of eyewitnesses and closing argument. *Id.* The Supreme Court reiterated its stance in *State v. Whitmill,* 780 S.W.2d 45 (Mo. banc 1989), where it once again upheld the exclusion of expert testimony on eyewitness identification. In that case, the court pointed out the defendant had "adequate opportunity to apprise the jury of the difficulties inherent in an eyewitness identification." *Id.* at 47[2]. The defendant fully cross-examined the eyewitnesses. He had an opportunity to discuss problems of identification in the opening statement and closing argument. Further, the trial court instructed the jury on the reliability of identification in MAI–CR3d 302.01. *Id.*

Based on the foregoing cases, there is no abuse of discretion in the case at hand. Defendant had a full opportunity to cross-examine Victim and discuss problems with Victim's identification in the closing argument. Further, the trial court instructed the jury with MAI–CR3d 302.01. Point denied.

In Point III, Defendant argues the motion court erred in denying his 29.15 motion alleging ineffective assistance of counsel without an evidentiary hearing.

Our review is limited to determining "whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j). The motion court need not grant an evidentiary hearing if it determines "the motion and the files and records of the case conclusively show that the movant is entitled to no relief . . . ." Rule 29.-15(g). · To be entitled to an evidentiary hearing, Defendant must have alleged facts, not refuted by the record, which, if true, would warrant relief and resulted in

prejudice to Defendant. *State v. Stallings,* 812 S.W.2d 772, 778–79 [10] (Mo.App.1991).

In his 29.15 motion, Defendant alleged his counsel was ineffective for agreeing to stipulate that Defendant frequented the scene of the crime "during the six month period up to and including April 19, 1988, when he was arrested." The record indicated Defendant's attorney used the stipulation to avoid cumulative testimony by several officers. The stipulation was read during the testimony of Officer Pliemann to prevent his testimony on the subject. Defendant's attorney further objected to testimony by Officer Harmon on the subject. The stipulation is clearly a matter of trial strategy and as such, does not support a claim of ineffective assistance of counsel. *Brown v. State,* 785 S.W.2d 759, 762[2] (Mo.App.1990).

Furthermore, Defendant is unable to show he was prejudiced by the stipulation. Officer Harmon testified he had seen Defendant in the vicinity during the six-month period prior to the crime. Therefore, even without the stipulation, evidence was presented on that issue. Also, Defendant confessed to the crime. Point denied.

Judgment remanded for an evidentiary hearing on Defendant's *Batson* motion conforming to the guidelines set forth in *Parker,* 836 S.W.2d at 939–40[12–14], to determine whether the State's peremptory strikes were racially motivated. The judgment is in all other aspects affirmed.

AHRENS, P.J., and REINHARD, J., concur.