perkins 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00596-CR







Otto VanBuren Perkins, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF DALLAS COUNTY, 282ND JUDICIAL DISTRICT


NO. F-9454949-MS, HONORABLE TOM PRICE, JUDGE PRESIDING







 Appellant Otto VanBuren Perkins waived a jury trial and entered a not guilty plea
to the offense of possession of less than 28 grams of cocaine. Controlled Substances Act, 71st
Leg., R.S., ch. 678, sec. 1, § 481.115, 1989 Tex. Gen. Laws 2230, 2936-37 (Tex. Health &
Safety Code Ann. § 481.115, since amended). The court found appellant guilty and assessed his
punishment, enhanced by a prior felony conviction, at imprisonment for ten years and a fine of
$1,000.00. In his single point of error, appellant asserts that the trial court erred in overruling
his objection to the admission of the cocaine he allegedly abandoned as a direct result of police
misconduct. We will affirm the judgment.

 On May 23, 1994, City of Dallas police officers Robert Mulcahy and his partner
were in the 2300 block of Marburg Street. Several times in the past, Officer Mulcahy had
arrested people for drug violations at the house at 2316 Marburg Street. He thought the house
at that address had been condemned and "red tagged" by the City of Dallas. Mulcahy confirmed
his belief with the police department that the house had been "red tagged" and that no one could
lawfully live in that house. Mulcahy knocked on the door, and it was opened by a female named
Gwen who said she did not live there. Appellant and Kenneth Golden, who were also in the
house, denied living there. Officer Mulcahy asked all three occupants of the house to step out on
the porch. The men asked to return inside the house to gather their belongings. They were
allowed to go back into the house and they were soon followed by Officer Mulcahy. While
appellant was gathering his property, Mulcahy saw appellant take a small object from a Noxzema
bottle. When appellant saw the officer, he threw the Noxzema bottle to the floor and threw the
small object on the bed. Mulcahy recovered the small object from the bed; it was a baggie, the
contents of which later proved to be cocaine. Mulcahy took appellant back out on the porch, and
while he was being handcuffed, appellant dropped another rock of crack cocaine to the ground. 
Mulcahy's partner found a "crack pipe" in appellant's pocket.

 Appellant testified that Gwen let the police officers come into the house, and he
denied that he possessed the cocaine or the cocaine pipe. Kenneth Golden, called as a witness by
appellant, attempted to refute Officer Mulcahy's testimony and supported appellant's defense that
appellant did not possess the cocaine.

 The State argues that appellant's point of error was not preserved for review,
because there was not a timely trial objection on the same ground as that urged on appeal.



To be timely an objection must be raised "at the earliest opportunity," or "as soon
as the ground of objection becomes apparent." Polk v. State, 729 S.W.2d 749,
753 (Tex. Cr. App. 1987), reversed in part on other grounds, 749 S.W.2d 813
(1988), citing Cooper v. State, 482 S.W.2d 259, 263 (Tex. Cr. App. 1972). 
Furthermore, as previously noted, an objection is required every time inadmissible
evidence is presented. Error in allowing inadmissible evidence is cured when the
same evidence comes in without objection elsewhere at trial. Hudson, supra.



Johnson v. State, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990).



In order for an issue to be preserved on appeal, there must be a timely objection
which specifically states the legal basis for the objection. E.g., Zillender v. State,
557 S.W.2d 515, 517 (Tex. Crim. App. 1977). An objection stating one legal
basis may not be used to support a different legal theory on appeal. Id.



Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).

 When the State offered in evidence State's Exhibit One, the cocaine, appellant's
objection was:



[Defense Counsel]:  Your Honor, we object on the grounds that the testimony of
Officer Mulcahy was insufficient to establish that this sample was sufficiently
sealed and preserved in such a manner as to establish a clean chain of custody
between the time of the seizure and the time that the envelope was opened by this
witness.


THE COURT:  Your objection is overruled. The exhibit is admitted.



 The State then offered in evidence State's Exhibit Two, "an exact copy of the
original report written in this case," which the forensic chemist testified bore the number
"correspond[ing]" to State's Exhibit One. Appellant's counsel affirmatively stated there was no
objection to State's Exhibit Two. However, State's Exhibit Two is not in the record.

 The State rested; the appellant testified, offered Golden's testimony, and rested. 
Both the State and appellant closed. After argument concerning the lack of credibility and the
sufficiency of the State's evidence, appellant's counsel argued:



Another point: In addition to the reasonable doubt raised by all the facts that I've
discussed so far, there hasn't been any evidence in this case whatsoever to -- which
gives Mulcahy the right to go into that house and order these people to leave. The
fact that they don't have a lease on the house doesn't give him the right to vacate
that house unless he owns the house or unless he has a greater right to possession
of the house than the people who are in there.


So, the whole thing is an illegal search. He had no right to go into the house;
. . . .



 Appellant did not ask the trial court to withdraw its ruling admitting the cocaine
and did not make a belated objection, but for the first time merely argued that the cocaine had
been unlawfully obtained by the officers. The State objected and argued that an objection made
after both the State and appellant closed was untimely. On appeal, appellant argues that since he
waived a jury trial and the trial was before the court, any objection made before the court found
him guilty was timely. Appellant cites no authority for this argument.

 In Robinson v. State, 728 S.W.2d 858, 860 (Tex. App.--Austin 1987, no pet.), after
a trial before the court, we held that: "To preserve any error for appeal, appellant has the burden
to offer a timely objection at trial on specific grounds and to obtain a ruling by the court as to the
objection, or any error is waived." See Tex. R. App. P. 52(a) (West 1986).

 Even if appellant, by timely trial objection, had preserved for review his point of
error on appeal, it would be overruled. Officer Mulcahy was lawfully on the premises because
he was admitted into the house by Gwen, who had as great a right to be in the house as did
appellant. After being lawfully admitted to the house, Officer Mulcahy saw appellant throw down
and abandon the cocaine. There was no unlawful seizure of the cocaine. See Taylor v. State, 820
S.W.2d 392, 395 (Tex. App.--Houston [14th Dist.] 1991, no pet.); Norman v. State, 759 S.W.2d
249, 250-52 (Tex. App.--Houston [14th Dist.] 1990, pet. ref'd). Even if appellant had made a
timely objection, the trial court would not have erred in admitting the cocaine in evidence.

 Because the appellant failed to timely object to the admission of the cocaine in
evidence, he failed to preserve the alleged error for review on appeal. Appellant's point of error
is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Carroll, Justices Davis* and Dally**

Affirmed

Filed: August 16, 1995

Do Not Publish





* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).


** Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).